William Dougherty, Blanford & Miller, Wiley Williams, for plaintiff in error.

L. T. Downing, R. J. Moses, for defendant.

---

WILLIAM PERRY et al., plaintiffs in error, *v.* ROBERT M. GUNBY, defendant in error.*

(Atlanta, June Term, 1870.)

TRANSMISSION OF RECORD—WITHIN LAWFUL TIME—DILIGENCE.—When counsel propose to show that, within the time prescribed by the rule of this Court, they applied to the Clerk below

*See the same case in 42 Ga. 41; 45 Ga. 101.

to see if he had transmitted the record to this Court, a statement that they did so at the proper time, or "within a few days thereafter," is too indefinite to meet the requirements as to diligence. (R.) Mc-Cay, J., dissenting.

SAME—FAILURE TO TRANSMIT—MISINFORMATION OF CLERK.—If the failure of the Clerk to send up the record is caused by counsel for plaintiff in error misinforming him as to where the rule fixing the time within which to send it up was to be found, the writ of error will be dismissed. (R.)

Practice. Supreme Court. From Muscogee.

On the 11th of June, 1870, Seay v. Treadwell ante was dismissed because the transcript of the record was not certified in time and no diligence was shewn to have it so sent up.

Counsel for Perry et al. hearing the decision, and fearing that this cause might be dismissed, filed his affidavit that "at the end of that time (ten days from the filing) or within a few days thereafter," he called on the Clerk and was told by him that he had attended to the bill of exceptions as he had told him, and the Clerk was understood to mean that he had sent it up within the time, as he had been requested. And *thereupon a mandamus was issued against the Clerk to respond as to the facts, and shew cause why he had failed to send up the record within the time required by the rule of this Court.

In response, the Clerk swore that he was instructed by Perry's counsel that he must certify and transmit the record to this Court in ten days from the filing of the bill of exceptions in his office, and was by him referred to a rule of this Court to that effect, which the counsel could not find, but told him (the Clerk) that it as somewhere in the Code; and the Clerk promised to do so. But, on consultation with several persons, and especially with one who had for many years been a Clerk of said Superior Court, he was told that Perry's counsel was mistaken. Being unable to find such rule in the Code and supposing that if the bill of exceptions and transcript were forwarded soon enough to reach here before the return day for this term, all would be right, he postponed sending it up. He said that he did subsequently tell counsel for Perry that he had attended to his request, but, at the time, not thinking of the matter, meant only that he had certified the record and not that he had sent it up to this Court; though he did not doubt that counsel understood him to mean that he had sent it up. He further stated that he had yet never seen the rule alluded to.

The bill of exceptions was filed in office below on the 2d of April, 1870, the record was certified on the 9th of that month, but it did not reach the office of the Clerk of this Court till the 13th of May, 1870. There is a daily mail from Columbus, the county site of Muscogee county, to Atlanta. When the cause was called here for hearing on the 18th of June, 1870, her counsel for defendant in error moved to dismiss the writ of error, because though it had arrived here more

Edgarton, Rogers & Hatch v. Webb & Co

than twenty days before the term, yet the record had not been sent from the office of the Clerk below to the Clerk of this Court within the time required by the rule.

Counsel for Perry produced his said affidavit, said order and response of the Clerk, and contended that the fault was with the Clerk; said the Clerk was mistaken as to his saying the rule was in the Code, and that he had been diligent to *correct his error as soon as it was discovered. The reply was that, "a few days thereafter" was too indefinite a showing as to when he applied to the Clerk to see if his instructions were carried out, and that by the Clerk's affidavit produced by Perry's counsel, it appeared that he told the Clerk that the rule was in the Code, when it was in the 39th Georgia Reports,* and this mislead him and produced the delay.

The cause was dismissed. The reasons for dismissal were the want of diligence, etc., as stated in the reply of counsel for defendant in error as aforesaid.

McCAY, J., dissented upon the ground, first, if the record be certified within the time prescribed by the Code, its manual tradition to this Court may be at any time before the last return day for the term to which it is returnable; that the rule as to sending up the record is only directory to the Clerk; second, at any rate the showing satisfied him as to diligence by counsel to have the Clerk to do his duty.

R. J. Moses, Chappell & Russell, for plaintiff in error.
H. L. Benning, for defendant.