## LITTLEJOHN vs. THE CENTRAL RAILROAD.

A mother brought her action against a railroad for the homicide of her
minor son. The evidence for the plaintiff made the following case:
She lived in Russell county, Alabama; her son, who was eighteen
years old, went to Atlanta to go into business as a butcher, but
hired himself to defendant as a switchman and car-coupler; while
he was engaged in shoving a car from a side track to a main track,
he was caught between the tender of the engine and a car, and
crushed to death; he was looking towards the engine, when he
should have been looking ahead at the car before him; if he had
been at the place where he should have been, he would not have
been hurt; no negligence was shown on the part of the defendant's
servants or agents:

*Held*, that a verdict for the defendant was demanded by the evidence;
and even if there had been any slight errors committed by the
court, this would not work a reversal; but the charge of the court
was a correct exposition of the law as applicable to this case.
Judgment affirmed.

January 21, 1885.

BLANDFORD, Justice.

---

## CROWELL vs. THE STATE OF GEORGIA.

1  The verdict was warranted by the evidence.

2. Where it appeared that certain pigs, for the larceny of which the
defendant was indicted, were found in the possession of a person
who testified to having purchased them from the accused, and that
the owner sued out a possessory warrant for them and notified the
accused that he intended to carry the sow, whose litter the pigs
were, up to the trial of the possessory warrant, to see if she would
recognize the pigs, it was admissible for him to testify that the
sow was killed on the following night.

3. Evidence that another than the defendant was in jail under an
accusation by the same prosecutor for hog-stealing was inadmissi-
ble, where it appeared that the hogs, which such other party was
charged with having stolen, were not the same as those for the
larceny of which the defendant was indicted.

4  The charge was full and fair, and correctly stated the law of the
case.

Judgment affirmed.

October 21, 1884.

BLANDFORD, Justice.