## Pyburn *v.* The State of Georgia.

1. A motion for continuance on part of the defendant indicted for murder should have been sustained, where he showed that he had caused a *subpœna* to be put into the hands of an officer for a named witness, who lived within the jurisdiction of the court and was temporarily absent from home in another State; that the showing was made in good faith and not for delay; that the witness was not absent by defendant's procurement or consent, and he expected to have his attendance at the next term and expected to prove by him that the deceased fired the first shot and was killed by another person than defendant. Showing that the witness had said, when informed that a *subpœna* would probably be out for him, that his testimony would do defendant no good, was not strictly a counter-showing.

2. A statement of defendant that the deceased fired first, if made after

. the difficulty, was properly rejected; but if made during the progress of the difficulty, was admissible as a part of the *res gestæ*.

3. A statement by one jointly indicted with this defendant as to the knife being the only weapon that person had, if made during the progress of the difficulty, or so near the time thereof as to be free from all suspicion as to its truth, was admissible in testimony.

4. An allegation of error in refusing to rule out testimony, as to which the record is not sufficiently explicit, cannot be passed upon.

January 8, 1890.

Criminal law. Continuance. Practice. Witness. Evidence. *Res gestæ*. Before Judge MILNER. Dade superior court. March term, 1889.

Reported in the decision.

W. J. CLIFT and E. D. GRAHAM, by brief, for plaintiff in error.

A. W. FITE, solicitor-general, for the State.

BLANDFORD, Justice.

John Pyburn was indicted for the offence of murder, in that he killed and murdered one Jasper Frost. He was put upon his trial and found guilty. He moved the court for a new trial upon the several grounds which were overruled.

1. One of the grounds of error is, that the court erred in refusing to grant a continuance of the case upon the motion of the plaintiff in error. The plaintiff in error showed that he had caused a *subpœna* to be put in the hands of an officer for one Liderman; that Liderman lived within the jurisdiction of the court, and was temporarily absent from home in another State; that the showing was made in good faith and not for the purpose of delay; that witness was not absent by his procurement or consent, and that he expected to have his attendance at the next term of the court; that he expected to prove by said absent witness that the deceased fired the first shot at him, and that the deceased was killed by a person other than the accused.

A counter-showing was made, in which the State showed that Liderman, the absent witness, had said, when he was informed that a *subpœna* would probably be out for him, that his testimony would do Pyburn no good. The court overruled this motion to continue, and this is the first error assigned. We are of the opinion that the court erred in so ruling. That the testimony of the absent witness was material, there can be no doubt; and whether the same would have done the accused any good or not, it was not for the witness himself to judge, but was for the court and jury to determine · upon the trial of the case. This was not strictly a counter-showing, as was held by this court in the case of *Horn* v. *State*, 62 *Ga.* 362; *Johnson's* case, 65 *Ga.* 98; *Williams'* case, 69 *Ga.* 11; *Waldrup* v. *Maxwell*, decided at the present term (*ante*, 113). But it is said that this showing fell within the decision of this court in *Moseley* v. *State*, 74 *Ga.* 404. Upon an examination of the latter ·case, the facts therein will show that the court refused a continuance in that case, not so much on account of the counter-showing therein made, as that from the facts of the case it appeared that said showing was not made in good faith. Besides, the absent witness in that case stated that he knew nothing about the case, whereas in the present case the counter-showing shows that Liderman, the absent witness, did know something about the case; so, from all the facts in the case, we are forced to the conclusion that his testimony was material. This tragedy seems to have been the result of a drunken row, and it is not very apparent to us from the evidence in the record how the same commenced, or what really did transpire; so, if the absent witness should be proved to have been sober upon that occasion, his testimony might be not only very material for the accused, but also for the State.

2. It is further alleged in the motion for a new trial

that the court erred in ruling out the saying of Pyburn after the difficulty commenced, the witness Dagnon having been asked if Pyburn said anything when he came back into the house about who shot first. Counsel stated that he expected to show by Dagnon that Pyburn said Frost fired first. We are unable to determine from the facts in this case whether this statement of the accused was a part of the *res gestæ* or not. It rather appears to us that this statement of the accused was made after the difficulty. If so, there is no error in the ruling of the court. If it was made during the progress of the difficulty, then it was a part of the *res gestæ*, and should have been admitted.

3. It is further alleged as error that the State was allowed to prove by Allison the saying of Chumley as to the knife being the only weapon he had. If this saying was made during the progress of the difficulty, then there was no error to have received it; or if it was made so near the time of the difficulty as to be free from all suspicion as to its truth, then there was no error in having allowed the proof.

4. It is further alleged as error that the court refused to rule out the evidence of Nolan and Allison as to what Pyburn said about cartridges, on the ground that other sayings of his to Dagnon had been ruled as inadmissible. We cannot say that this ruling was error, the record not being sufficiently explicit for us to determine whether this evidence was inadmissible or not; but upon the ground already stated, we are compelled to reverse the judgment of the court below and order a new trial of the case.     *Judgment reversed.*