## HARRIS *v.* THE STATE.

1. Recitals of fact in a motion for a new trial filed in a criminal case, relating to occurrences alleged to have taken place in the presence of the judge while the trial was in progress, though verified by the affidavit of movant's counsel and admitted to be true by the solicitor-general, can not be taken as true in this court when it affirmatively appears that the trial judge expressly declined to certify the same. It follows that points made in a motion for a new trial and which depend upon such recitals are not properly here for determination.

2. Words spoken by a person, some of them within an hour and others within twenty-four hours of the time when he took the life of another, capable of being understood as conveying a threat to take the life of some one, are admissible in evidence on the trial of the person speaking them, for murder.

3. The evidence warranted the verdict, and it does not appear that any error was committed in denying a new trial.

Argued November 20, — Decided November 29, 1899.

Indictment for murder. Before Judge Henry. Floyd superior court. July term, 1899.

*George A. H. Harris & Son*, for plaintiff in error.

*J. M. Terrell, attorney-general, Moses Wright, solicitor-general,* and *M. B. Eubanks*, contra.

COBB, J. Bud Harris was put upon trial upon an indictment charging him with the offense of murder. Having been convicted, he made a motion for a new trial, which was overruled, and he excepted.

1. In two grounds of the motion complaint is made that the solicitor-general was permitted by the judge to use language in his concluding argument which was improper and prejudicial to the accused. Another ground complains that the judge, though requested to do so, declined to charge the jury in such a way as to do away with the injurious effect of the language complained of. That the solicitor-general used the language attributed to him is alleged in an affidavit of one of the counsel for the accused, and was admitted by the solicitor-general himself. The judge declined to certify these grounds of the motion, and appended a note stating, in effect, that the language alleged to be objectionable must have been used by the solicitor-general while he was preparing his charge to the jury, and that he

neither heard the same nor had any recollection of such language having been used; that his attention was not called to the language at the time the same was used, nor at the time the request to charge above referred to was made.   The judge further states in his note that one of the counsel for movant made an affidavit verifying the facts recited in the ground, and that the solicitor-general admitted having used the language therein set forth.   But the grounds of the motion are not verified by the judge himself.   The recitals of fact in a motion for a new trial must be verified by the judge who presided at the trial. The judge could, if he had seen proper to do so, have verified the recitals of fact in the grounds of the motion under consideration, basing such verification upon the affidavit of counsel and the admission of the solicitor-general, but he was not bound to do so.   Having refused to so verify them, no other course is open to us than to treat the grounds as not verified; and therefore the questions sought to be raised therein are not properly before us for decision.

2. Complaint is made in the motion for a new trial that the court erred in not ruling out the testimony of a witness for the State, to the effect that he saw the accused the night the dance took place, about three hundred yards from the house where the dance was held and about thirty minutes before the homicide took place; that when witness met him he had a pistol in his hand; that he was laughing and going on, and said "he was going to get him a man."   Objection was also made to similar testimony of another witness; this witness stating that the accused said to him, on the day before the homicide occurred, that he "was gwine over to the dance and get him a negro," that "a negro took my woman, and I am gwine over there and get me a negro."   Objection was made to the testimony of these two witnesses, on the ground that the language used by the accused was irrelevant, as it was not directed against any particular person, and the statement made to the witness first above referred to was made in a jocular and not in a vindictive manner.   We do not think there was any error in refusing to rule out this testimony.   What weight it was entitled to was a question entirely for the jury.   It was certainly capable of being

understood as conveying a threat to kill some person who was expected to be present at the dance on the night the homicide took place. The statement that a negro had taken his woman, that he was going to the dance to get him a negro, coupled with the fact that he was present at the dance, that he shot and killed a negro about a woman, would indicate that the declarations made had some connection with the homicide charged against him.

3. The finding of the jury was fully supported by the evidence, and the record does not disclose the commission of any error which would authorize us to reverse the judgment of the trial judge refusing to grant a new trial in the case.

*Judgment affirmed. All the Justices concurring.*