BUDDEN *v.* BROOKS *et al.*

FISH, P. J. 1. Whenever it appears that the clerk of a trial court has failed to transmit to the Supreme Court, within the time prescribed by law, a bill of exceptions and transcript, and that an attorney for the plaintiff in error "has been the cause of the delay, . . by consent, direction, or procurement of any kind, the writ of error will be dismissed. Civil Code, §§ 5571, 5572; *Brunswick Book Co.* v. *Torsch Co.,* 112 *Ga.* 537; *Ashley* v. *Howard,* 99 *Ga.* 132.

2. The bill of exceptions in this case was filed in the clerk's office of the superior court January 27, 1905. The transcript of the record was certified by the clerk April 10, 1905, and reached the Supreme Court the next day thereafter. The clerk of the superior court certified that the delay was

caused by reason of the following facts : On the day the bill of exceptions was filed counsel for plaintiff in error offered to copy the record in order to aid the clerk, and took the record from the clerk's office for that purpose, the copy to be returned for verification. At the time of taking the record counsel for plaintiff in error informed the clerk that counsel for defendant in error had a deed which was necessary to complete the record. . The next day the deputy clerk asked counsel for defendant in error about this deed, and was informed by him that the deputy could get it whenever it was needed. On March· 31, 1905, the deputy clerk obtained the deed from counsel for defendant in error. On April 7, 1905, counsel for plaintiff in error returned to the clerk's office the original record and a copy thereof. The facts certainly place counsel for plaintiff in error in the attitude of consenting to, directing, or procuring the delay of the clerk in making out and certifying the transcript of the record within the time prescribed by the statute.

*Writ of error dismissed. All the Justices concur, except Simmons, C. J., absent.*

Argued July 11,—Decided August 5, 1905.

Motion to dismiss the writ of error.

*Lavender R. Ray* and *John C. Reed,* for plaintiff in error. *Green, Tilson & McKinney,* contra.

----

Justice CANDLER was prevented, by providential cause, from participating in the adjudications reported on pages 1–125.

Chief Justice SIMMONS took no part in the other cases of this volume (pp. 125–883), by reason of his fatal illness.