WILSON v. THE STATE.

FISH, C. J. 1. Whenever it appears that the clerk of a trial court has
    failed to transmit to the Supreme Court, within the time prescribed by
    law, a bill of exceptions and transcript, and that the plaintiff in error
    or his attorney "has been the cause of the delay . .  by consent, di-
    rection, or procurement of any kind," the writ of error will be dismissed.
    Civil Code, §§ 5571, 5572; *Budden* v. *Brooks*, 123 *Ga.* 882.
2. The bill of exceptions in this case was certified by the trial judge on
    June 30, 1905, and was filed in the clerk's office July 10, 1905.   The

transcript of the record was certified by the clerk on August 4, 1905, and reached the Supreme Court the next day thereafter. It appears from an affidavit of a notary public, sent up by the clerk, to explain the delay, that the notary "received the bill of exceptions . . on the 8th day of July, 1905, to have filed in the clerk's office . . and to secure the plaintiff's affidavits thereto; that upon filing said record he took it to have the affidavits made, and failed to return the record to said clerk's office in time for transmission to the Supreme Court within the time required." The notary was evidently acting for the plaintiff in error or her counsel; and the facts place her or her counsel in the attitude of consenting to, directing, or procuring the delay of the clerk in making out, certifying, and transmitting to this court the transcript of the record within the time prescribed by the statute.

*Writ of error dismissed. All the Justices concur.*

Submitted October 16,—Decided November 8, 1905.

Motion to dismiss the writ of error.

*John T. Myers,* for plaintiff in error. *John W. Bennett, solicitor-general,* and *Lankford & Dickerson,* contra.