## LINGERFELT *v.* THE STATE.

LUMPKIN, J. 1. One ground of the motion for a new trial assigned error because the court said to a witness, in the presence of the jury: "He [meaning the solicitor-general] isn't asking you to be absolutely positive. What is your opinion about it? It is a mere matter of opinion." It does not appear what question the solicitor-general had propounded, to which this statement referred; and the ground is not sufficiently clear to furnish reason for a reversal. If the court referred to the effort to identify a certain piece of cloth which the witness had seen some time previously and stated he could not be absolutely sure was the same, the question of identity was necessarily one of opinion.

2. The fact that a person accused of a crime and placed under arrest made no attempt to escape can not be proved by him in his own behalf. *Kennedy* v. *State,* 101 *Ga.* 559; *Dixon* v. *State,* 116 *Ga.* 186; *Williams* v. *State,* 123 *Ga.* 138; Com. *v.* Hersey, 84 Mass. (2 Allen) 173; Campbell *v.* State, 23 Ala. 46; People *v.* Rathbun, 21 Wend. 509; People *v.* Montgomery, 53 Cal. 577; Whart. Cr. Ev. §752; Abb. Tr. Brief Cr. C. §520 (2d ed. 462, par. 149); 4 Ell. Ev. §2724. Compare 1 Wig. Ev. §293, note; *Pinkard* v. *State,* 30 *Ga.* 757; *Boston* v. *State,* 94 *Ga.* 590 (explaining evidence for the State).

3. What was said in *Jesse* v. *State,* 20 *Ga.* 156, to the effect that the fact that a person accused of a crime did not fly is but equivocal evidence of his innocence, was in reference to a charge, and was not a ruling on the admissibility of such evidence.

4. Where the court charged, that if the jury should find the defendant guilty generally, he would be subject to confinement in the penitentiary for a time not less than two years nor longer than ten years; that they would have the right to reduce the punishment to that appropriate to a misdemeanor; that, "if the judge should approve that, he would be

punished as for a misdemeanor;" and that the form of verdict proper for that purpose would be to find the defendant guilty and recommend that he be punished as for a misdemeanor, in the absence of any request to charge more specifically on the subject there was no error in failing to explain to the jury, that, in the event they should find the defendant guilty with the recommendation referred to, the judge could disregard such recommendation and punish him as for a felony.

5. The verdict was supported by the evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*

Argued December 18, 1905.—Decided March 22, 1906.

Indictment for assault with intent to murder. Before Judge Kimsey. Lumpkin superior court. November 18, 1905.

*O. J. Lilly* and *R. H. Baker,* for plaintiff in error.

*W. A. Charters,* solicitor-general, contra.