## JONES *v.* THE STATE.

ATKINSON, J. 1. On the trial of a defendant charged with murder it was not erroneous for the judge to exclude testimony offered by the defense, to the effect that a few moments after the homicide he went to the sheriff and admitted the killing and surrendered himself, the testimony not being offered in rebuttal or explanation of any evidence introduced by the State, but merely as original evidence. See, in this connection, *Lingerfelt* v. *State*, 125 *Ga.* 4 (53 S. E. 803), and cit.; Vaughn *v.* State, 130 Ala. 18 (30 So. 669) ; State *v.* McLaughlin, 149 Mo. 19 (50 S. W. 315).

2. There was no error in any of the rulings of the court at the trial, sufficient to require the grant of a new trial for any reason assigned.

3. The evidence was sufficient to support the verdict.

4. The alleged newly discovered evidence was not of such character as to require the grant of a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted January 18,—Decided March 10, 1909.

Indictment for murder. Before Judge Rawlings. Jenkins superior court. September 14, 1908.

*A. S. Anderson,* for plaintiff in error.

*John C. Hart, attorney-general, Alfred Herrington, solicitor-general,* and *Hines & Jordan,* contra.