## WHEELER et al. v. CRAWFORD.

Whenever it appears that the clerk of a trial court has failed to transmit to the Supreme Court, within the time prescribed by law, a bill of exceptions and transcript, and that the plaintiff in error or his attorney "has been the cause of the delay, . . by consent, direction, or procurement of any kind," the writ of error will be dismissed. Civil Code, §§ 5571, 5572.

SEPTEMBER 23, 1910.

Complaint; from Stephens superior court. Motion to dismiss. *J. B. Jones* and *Fermor Barrett,* for plaintiffs in error.

*John A. Crawford, W. R. Little,* and *A. G. & Julian McCurry,* contra.

BECK, J. The bill of exceptions in this case was certified by the trial judge on February 12, 1909, and was filed in the clerk's office on February 25, 1909, as certified by the clerk on that day. The transcript of the record was certified by the clerk of the superior court on August 19, 1909, and reached the Supreme Court two days later. Upon an order from this court to the clerk of the superior court, directing him to certify fully the facts that caused the delay in transmitting the record in said case, that officer certified that one of the attorneys for the plaintiffs in error, J. B. Jones, "obtained the papers in the case from this office, for use on the hearing of the motion for new trial before the trial judge, and, after the said hearing, failed to return to this office the amended motion and the charge of the court, which the bill of exceptions called for, and I was unable to obtain them sooner. I called for these papers repeatedly, and was always informed by Mr. Fermor Barrett and Mr. Claude Bond, associate counsel in the case for Clarkie Wheeler et al., that they were in the office of Judge Jones, that he was unable, on account of sickness, to come down to his office and get them, that they both had searched in his office for them, and could not find them. Judge Jones also sent me word from his home that he was sick and could not come down and find

the papers 'for me, and for me to hold the record back until he was able to get out, as he knew that he had them and could lay his hand on them when he did get down. . . I further certify that all of the record, except the said amended motion for new trial and the charge of the court, which Judge J. B. Jones had and I could not obtain, was duly transcribed and ready to be sent up within the statutory limit; and that said amended motion and the charge of the court was duly transcribed, and the case transmitted to the Supreme Court immediately upon its production."

There is no showing, by affidavit or otherwise, for the defendant in error or his counsel as to how long the sickness of J. B. Jones, one of the attorneys for the plaintiff in error, continued, nor as to the nature of his sickness, nor is there any explanation as to why the amended motion for a new trial and the charge of the court, which was made a part of the record, should not have been delivered to the clerk when the other portions of the record were. Under these facts, the plaintiffs in error or their counsel were placed in the attitude of causing the delay, in sending up the bill of exceptions and the copy of the record, by their consent or procurement; and the motion to dismiss the bill of exceptions must be sustained, under the rulings in the case of *Wilson* v. *State, 124 Ga.* 30 (52 S. E. 81), and the authorities there cited.

*Writ of error dismissed. All the Justices concur.*