3300. EASTERLING *v.* THE STATE.

HILL, C. J. 1. When it appears that the clerk of the trial court has failed to transmit to the Court of Appeals within the time prescribed by law the bill of exceptions and the transcript of the record, and that an attorney for the plaintiff in error "has been the cause of the delay, by consent, direction, or procurement of any kind," the writ of error will be dismissed. Civil Code (1910), §§ 6185, 6186; *Budden* v. *Brooks*, 123 *Ga*. 882 (51 S. E. 727); *Wilson* v. *State*, 124 *Ga*. 30 (52 S. E. 81); *Pope* v. *State*, 93 *Ga*. 216 (18 S. E. 649); *Calhoun* v. *State*, 91 *Ga*. 112 (16 S. E. 379).

2. The bill of exceptions in this case was filed in the clerk's office of the city court on January 4, 1911. The transcript of the record was certified by the clerk on March 14, 1911, and reached the Court of Appeals March 16, 1911. The clerk of the city court certified that the delay was caused by reason of the fact that the attorney for the plaintiff in error requested him not to send the case up, and finally said that he would dismiss the case. The clerk further certified, that subsequently to this request by the attorney for the plaintiff in error, he certified and sent up the record as soon as possible, in pursuance of the request made by the solicitor-general that he do so. The facts place the attorney for the plaintiff in error in the attitude of consenting to, directing, or procuring the delay of the clerk in making out and certifying a transcript of the record within the time prescribed by the statute. For these reasons the writ of error is dismissed.

*Writ of error dismissed.*

DECIDED JUNE 7, 1911.

*H. H. Elders, Hines & Jordan,* for plaintiff in error.
*N. J. Norman, solicitor-general, Edwin A. Cohen,* contra.