### 4910. MOORE v. THE STATE.

Since it appears that the clerk of the trial court failed to transmit to the Court of Appeals, within the time prescribed by law, the bill of exceptions and a transcript of record, and it appearing that the attorney for the plaintiff in error directed and procured the delay in transmission, the writ of error must be dismissed.

DECIDED JUNE 25, 1913.

Motion to dismiss the writ of error.

*T. E. Hightower, J. B. Green, H. P. Howard,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

RUSSELL, J.　There is a motion to dismiss the writ of error because the bill of exceptions and the transcript of record were not transmitted by the clerk of the trial court within the time prescribed by law.　The case is clearly within the rulings of the Supreme Court in *Brunswick Book Co.* v. *Torsch,* 112 *Ga.* 537 (37 S. E. 737) ; *Wheeler* v. *Crawford,* 135 *Ga.* 148 (69 S. E. 22) ; *Wilson* v. *State,* 124 *Ga.* 30 (52 S. E. 81) ; *Budden* v. *Brooks,* 123 *Ga.* 882 (51 S. E. 727) ; *Earnhart* v. *A. & W. P. R. Co.,* 133 *Ga.* 59 (65 S. E. 138) ; *Wheeler* v. *Mozley,* 136 *Ga.* 586 (71 S. E. 790), and decisions of this court in *Easterling* v. *State,* 9 *Ga. App.* 464 (71 S. E. 774), and *DeLoach* v. *Kicklighter,* 11 *Ga. App.* 74 (74 S. E. 717) ; all of which are based upon the provisions of the Civil Code, §§ 6185, 6186, the latter reading:　"No person shall be entitled to the benefit of the provisions of the preceding section, who, by his own act or that of his counsel, has been the cause of the delay or failure to send up said bill of exceptions or copy of the record, by consent, direction, or procurement of any kind."

In the present case the clerk of the trial court certifies that the counsel for the plaintiff in error objected to his sending up in the transcript the parts of the record that he had, because certain other parts were lost.　There was no effort by counsel for the plaintiff in error to establish copies of the lost originals.　We are always extremely reluctant to dismiss a writ of error.　In the opinion of this court it is far preferable to deal with the merits of every case if, from the bill of exceptions or the record, or from both together, the court can understand the point upon which an adjudication is asked.　In the present case, however, we dismiss the writ without qualms or compunction, because the only point insisted upon in the brief of counsel for the plaintiff in error is an alleged error in overruling a motion for continuance, in which it was not made to appear to the lower court that the continuance was not asked for the purpose of delay.　And even if the showing was not subject to that fatal defect, it does not appear prima facie to have been otherwise meritorious　　　　　　　　　*Writ of error dismissed.*