## LANG v. MONTGOMERY.

HILL, J. 1. "Where it appears that the clerk of a trial court has failed to transmit to the Supreme Court, within the time prescribed by law, a bill of exceptions and transcript, and that the plaintiff in error or his attorney 'has been the cause of the delay, . . by consent, direction, or procurement of any kind,' the writ of error will be dismissed." *Wheeler* v. *Crawford*, 135 *Ga.* 148 (69 S. E. 22); *Wilson* v. *State*, 124 *Ga.* 30 (52 S. E. 81); *Budden* v. *Brooks*, 123 *Ga.* 882 (51 S. E. 727); Civil Code, §§ 6185, 6186.

2. Accordingly, where a bill of exceptions was filed with the clerk of the trial court on October 11, 1912, but the bill of exceptions and transcript were not transmitted to the Supreme Court until November 13, 1912, because the plaintiff in error (who is also an attorney) held the papers in his office, as appears by the certificate of the clerk of the trial court, the bill of exceptions will be dismissed.

> *Writ of error dismissed. All the Justices concur.*
> OCTOBER 14, 1913.

From Gordon superior court. Motion to dismiss.

*Harris & Harris,* for plaintiff in error.

*J. G. B. Erwin,* contra.

## WEST v. LOCKLEAR.

LUMPKIN, J. 1. The demurrer was without merit, and was properly overruled.

2. The controlling question in this case was whether a wife had paid money to the creditor of her husband, with knowledge on the part of the creditor that it was her money. The charges on this subject, of which complaints were made, were not subject to the criticisms presented, nor do they furnish ground for reversal.

3. If fuller instructions had been desired, they should have been requested. Under the pleadings and evidence, the contention that the court failed or omitted to give certain charges does not require a new trial.

> *Judgment affirmed. All the Justices concur.*
> OCTOBER 14, 1913.

Complaint. Before Judge Maddox. Floyd superior court. January 18, 1913.

*Maddox & Doyal,* for plaintiff in error.

*Denny & Wright,* contra.