### 6259. NOBLES v. SMITH.

WADE, J. 1. It affirmatively appears, from the entry of filing signed by the clerk, and also from his certificate attached thereto, that the bill of exceptions in this case was filed in the office of the clerk of the trial court on December 22, 1914, and it further appears that it was withdrawn from that court by the attorney for the plaintiff in error, and was kept by him until January 4, 1915, at which time it was returned to the clerk of the court, and that the record was sent to this court on the next day. Statements in the brief of counsel conflicting with the above are dehors the record and can not be considered.

2. "Where it appears that the clerk of the trial court has failed to transmit to the Court of Appeals within the time prescribed by law the transcript of the record, and that the plaintiff in error or his attorney has been the cause of the delay, by consent, direction, or procurement of any kind, the writ of error will be dismissed. *Wheeler* v. *Crawford*, 135 *Ga.* 148 (69 S. E. 22); *Lang* v. *Montgomery*, 140 *Ga.* 690 (79 S. E. 840). The fact that there was only two days delay beyond the statu-

tory period does not prevent the rule above stated from applying. It it as much a violation of the statute to delay sending a transcript for one day as for a longer period." *Smith* v. *Watson*, 14 *Ga. App.* 322 (80 S. E. 863) ; Civil Code, §§ 6167, 6185, 6186.

*Writ of error dismissed.*

DECIDED JANUARY 6, 1916.

Complaint; from city court of Douglas—Judge Lankford. December 17, 1914.

*B. T. Allen,* for plaintiff in error.   *L. E. Heath,* contra.