## 9263. . FINCHER *v.* SATTERFIELD.

1. It appearing from the official entry thereon that the bill of exceptions was not filed in the office of the clerk of the superior court within fifteen days from the date of the trial judge's certificate thereto, the writ of error must be dismissed.

2. "The act of a clerk in filing or transmitting a paper does not stand on the same basis as the act of the judge in signing the certificate to the bill of exceptions, which, with the bill of exceptions, constitutes the writ of error. Generally, upon proper suggestion, made in due time, that the date of filing entered by the clerk upon the bill of exceptions was erroneous, the clerk will be ordered to certify to this court the correct date of filing. But his certificate can not be traversed, or extrinsic evidence be introduced to combat it."

There being no provision of law for traversing the certificate of the clerk (given in response to the order of this court) as to the correct date

when the bill of exceptions was filed, statements of counsel attacking the certificate can not be considered.

DECIDED APRIL 9, 1918.

Writ of error; from Cherokee superior court.

*H. B. Moss,* for plaintiff in error.

*Howell Brooke, J. Z. Foster,* contra.

WADE, C. J. 1. To give this court jurisdiction, it must appear that the bill of exceptions was filed in the office of the clerk of the trial court within fifteen days from the date on which it was certified to by the presiding judge. The certificate in this case is dated August 7, 1917, and the clerk's entry shows that the bill of exceptions was filed in this office on August 24, 1917—more than fifteen days thereafter. On its face the writ of error is therefore subject to dismissal. Civil Code, § 6167; *Woods* v. *State,* 11 *Ga. App.* 383 (75 S. E. 491); *Foote & Davies Co.* v. *Evans,* 10 *Ga. App.* 194 (72 S. E. 1098); *Nobles* v. *Smith,* 17 *Ga. App.* 421 (87 S. E. 606); *McDaniel* v. *Columbus Fertilizer Co.,* 109 *Ga.* 284 (34 S. E. 598). "Where the judge of the superior court signed a bill of exceptions as of a certain date, after the rendition of the judgment to which exception was taken, there is no provision of law for counsel to suggest that such certificate did not speak the truth in this respect, and for this court to require the judge to make an additional certificate as to the time when and the circumstances under which he signed the original certificate, with a view to determining whether it was signed within due time after the judgment was rendered, or was filed within the time prescribed by the statute after it was signed." *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697).

2. It was held in the case just cited that the act of the clerk in filing a bill of exceptions does not stand on the same basis as the act of the judge in signing the certificate to the bill of exceptions, but that generally, upon proper suggestion made, in due time, the clerk will be ordered to certify to this court the correct date of filing. "But his certificate cannot be traversed, or extrinsic evidence be introduced to combat it." In this case it was properly suggested, in due time, that the date of filing appearing upon the bill of exceptions was erroneous, and this court passed an order requiring the clerk to certify the truth in this regard. In response to the order, the clerk made the following certification:

"In response to your honorable order of the 25th inst., regard-

ing the date of filing in the above-stated case, beg to explain to the court the following facts: First, that during the month of August the draft act engaged my full time. Under pressure of the War Department we worked until late at night, often putting in as much as fifteen hours per day on this draft, thus necessitating inexperienced help in the clerk's office. Second, that the said bill of exceptions in the above-stated case was mailed into my office · from Marietta, Ga., and the clerk of this court does not know positively what the true date of its arrival was, but upon order from Judge N. A. Morris, of B. R. C., to file it at its true date, undertook to do so from the postmarks on the envelope in which· it was mailed to said clerk, and to the best of my knowledge and belief the marks as indicated on said envelope was 'Aug. 24th, 1917,' and the bill of exceptions was so filed.' Third, there is no desire on the part of the clerk of said court to insist that this is an infallible entry, having no personal desire to work hardship on any of the parties, and state that the date of filing was determined from the postmarks as I read them, and not from a personal knowledge as to the exact date the papers were received in this office. Respectfully submitted. [Signed] J. W. Chamlee, Clerk Sup. Court Cherokee Co., Ga.

"Sworn to and subscribed before me the 26th day of March, 1918. [Signed] James V. Keith, J. P."

It is apparent from an examination of this certificate, filed in pursuance of the order of this court, that the effect thereof is to verify the original filing. Certainly the certificate of the clerk does not establish the contention that the original date of filing was erroneous. There being, as stated in the headnote, no provision of law authorizing a traverse of the certificate made by the clerk in response to the order of this court, and no provision for the reception of extrinsic evidence by this court to combat the certificate as made, the statements of fact therein must be accepted and acted upon by this court as true and correct. Since, therefore, it appears that the bill of exceptions was not filed with the clerk of the superior court within fifteen days from the date of the certificate thereto by the presiding judge, the writ of error must necessarily be dismissed, as one of the essentials requisite to give this court jurisdiction is entirely lacking. It is almost unnecessary to say that in the light of the distinct ruling of the

Supreme Court, quoted above, statements in the brief of counsel attacking or drawing into question the certificate of the clerk cannot be considered. This court is powerless even to consider the merits of the case, since it is absolutely devoid of jurisdiction, under the circumstances detailed above, as it would have been had no bill of exceptions whatever been signed by the trial judge.

*Writ of error dismissed. Jenkins and Luke, JJ., concur.*