### 9920.   WILLIAMS v. THE STATE.

BROYLES, P. J.   1. The evidence submitted in behalf of the accused amply
    authorized the charge of the court upon voluntary manslaughter.

2. As presented by the 5th ground of the motion for a new trial, the ex-
    clusion of the testimony set out therein was not error.

3. Under the facts of the case the charge of the court upon the subject
    of flight was not error.

4. The verdict finding the accused guilty of voluntary manslaughter was
    authorized by the evidence, and the court did not err in refusing to.
    grant a new trial.

*Judgment affirmed. Bloodworth, J., concurs. Stephens, J., not presiding.*
DECIDED DECEMBER 3, 1918.

Indictment for murder; from Walton superior court—Judge
Cobb.   May 15, 1918.

1.   In the motion for a new trial the charge of the court on the
law of manslaughter was complained of on the ground that the
evidence did not authorize instructions on that subject.

2.   The 5th ground of the motion was: "That the court erred
in excluding from the jury the following evidence of J. L. Gibson,
a witness for the defendant, to wit: Question: 'Mr. Gibson, where
did you first see Paul Williams [the defendant] after this crime
was committed?' 'He came up here and gave himself up.'   This
evidence was objected to by the solicitor-general and was ruled out
by the court, as a self-serving declaration; which the movant con-
tends was error and harmful to the defendant; defendant's counsel
stating that it was offered for the purpose of showing that the
defendant surrendered himself to the deputy sheriff, Mr. Gibson,
the witness, before a warrant was issued for him."

3. . On the subject of flight the court charged the jury as fol-
lows: "Flight of one accused of crime, if shown to the satisfaction
of the jury beyond a reasonable doubt, may be considered by the
jury, for the jury to determine whether, under all the circum-
stances, an inference of conscious guilt should be drawn from such
flight, if proven.   But flight is subject to explanation, and the
weight to be given it, and whether the jury will draw an inference
of consciousness of guilt or not, is for the jury.   It is for the jury
to determine whether the flight of the defendant, if flight has been
shown by the evidence, was due to a sense of guilt or to other rea-
sons; and if the jury are satisfied that flight has been shown, but
that it was due to other reasons than a consciousness of guilt,
then no prejudicial inference should be drawn by the jury from

such flight." In the motion for a new trial it is contended that "the evidence was not sufficient to justify this charge to the jury, and the same was harmful to the defendant."

*Orrin Roberts,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.