### 10308   JAMES *v.* THE STATE.

BROYLES, P. J.   1. It being shown upon the hearing of the defendant's motion for a continuance, based upon the absence of a material witness for the defense, that the witness was beyond the jurisdiction of the court (in the United States army in France), and had not been subpoenaed, the court did not err in overruling the motion. Penal Code (1910), § 987; *Boyd* v. *State*, 17 *Ga. App.* 162 (86 S. E. 411); *Minder* v. *State*, 113 *Ga.* 772 (39 S. E. 284). This is true although the defendant stated that he expected to have the witness at the next term of the court, it not being shown that the witness had promised to attend or that there was any other ground for this expectation. *Woolfolk* v. *State*, 85 *Ga.* 69 (4) (11 S. E. 814); *Owens* v. *State*, 110 *Ga.* 292 (34 S. E. 1015).

2. The fact that one of the jurors had been a member of the grand jury that found the bill against the defendant is not cause for a new trial. The defendant and his counsel, by due diligence, could have discovered this fact before the jury was empanelled. *Britt* v. *State*, 112 *Ga.* 583 (37 S. E. 886).

3. The evidence amply authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*

DECIDED APRIL 4, 1919.

Indictment for violation of liquor law; from Houston superior court—Judge Mathews.    December 6, 1918.

*R. N. Holtzclaw,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.