### 10463. HUTTO *v.* THE STATE.

Transmission of the bill of exceptions and the transcript of the record in this case to this court being delayed beyond the prescribed period for transmission, and it appearing, from the certificate of the clerk of the lower court, that the delay was caused by counsel for the plaintiff in error, who took the bill of exceptions and the brief of the evidence

from the clerk's office on the day on which the bill of exceptions was filed therein, and retained them for several months, although repeatedly requested to return them, the writ of error must be dismissed.

DECIDED JUNE 27, 1919.

Accusation of bastardy; from city court of Hazlehurst—Judge Knox. August 13, 1918.

*S. D. Dell, W. W. Bennett,* for plaintiff in error.

*J. Mark Wilcox, solicitor,* contra.

BLOODWORTH, J. A motion to dismiss the writ of error in this case was made upon the ground that "said bill of exceptions and the transcript of the record in said case was not transmitted to the Court of Appeals of Georgia within fifteen days from the date of the service of said bill of exceptions." In his certificate to the transcript of the record the clerk of the city court of ·Hazlehurst says: "I further certify that the original bill of exceptions in this case was filed in my office on the 28th of August, 1918, as will appear by reference to said bill of exceptions. This record has not been transmitted to the Court of Appeals of Georgia until this date, to wit, March 31, 1919, for the following reasons, which I certify as the cause of the delay in the transmission in said case: Counsel for plaintiff in error filed said bill of exceptions in my office on 28th day of August, 1918, and immediately took the same, together with the brief of evidence, charge of the court, and the documentary evidence in said case, out of my office for the purpose of preparing a transcript thereof for transmission to the Court of Appeals of Georgia; that the same was not returned to my office, and that during the month of February, 1919, I called upon counsel to return said record, and on February 23, 1919, counsel returned to my office said original bill of exceptions, but did not return the balance of said record; and that although repeatedly requested to do so, counsel did not return said record to my office; and that on March 28, 1919, I went to the City of Baxley, Georgia, the home of counsel for plaintiff in error, and procured from him said record, a transcript of which is being transmitted herewith; that said record was not in my office at any time between the filing of said bill of exceptions and the dates above set out, but was in the possession and custody of counsel for plaintiff in error. Counsel had borrowed said record for the purpose of preparing a transcript thereof for transmission, and, none of the record being left in my office, the matter escaped

my attention until called to it by State's counsel in the month of February, 1919, when I immediately called upon counsel for plaintiff in error for said record; that I repeatedly and insistently requested counsel to return said record that I might transmit the same, but that he failed to do so, and I finally had to go to Baxley, Ga., and get the record. Given under my hand and official seal of said court, this the 31st day of March, 1919."

In *Smith* v. *Watson*, 14 *Ga. App.* 322 (80 S. E. 862), it was held: "Where it appears that the clerk of the trial court has failed to transmit to the Court of Appeals within the time prescribed by law the transcript of the record, and that the plaintiff in error or his attorney has been the cause of the delay, by consent, direction, or procurement of any kind, the writ of error will be dismissed. *Wheeler* v. *Crawford*, 135 *Ga.* 148 (69 S. E. 22); *Lang* v. *Montgomery*, 140 *Ga.* 690 (79 S. E. 840)." See also *Budden* v. *Brooks*, 123 *Ga.* 882 (2) (51 S. E. 727); *DeLoach* v. *Kicklighter*, 11 *Ga. App.* 74 (74 S. E. 717); *Nobles* v. *Smith*, 17 *Ga. App.* 421 (87 S. E. 606).

Applying the rulings made in these cases, the writ of error must be *Dismissed. Broyles, P. J., and Stephens, J., concur.*