### 14483.    BANKS *v.* THE STATE.

BLOODWORTH, J.   To give this court jurisdiction it must appear that the bill of exceptions was filed in the office of the clerk of the trial court within fifteen days from the date on which it was certified by the presiding judge. The certificate in this case is dated March 7, 1923, and the clerk's entry of filing shows that the bill of exceptions was filed in the office of the clerk of the superior court on March 25, 1923, more than 15 days thereafter. On its face the writ of error is therefore subject to dismissal. Civil Code (1910), § 6167; *Fincher* v. *Satterfield*, 22 *Ga. App.* 151 (1), 152 (1) (95 S. E. 151), and cases cited.

> *Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 12, 1923.   REHEARING DENIED JULY 13, 1923.

Indictment for larceny from house; from Wilkes superior court — Judge Shurley.   February 17, 1923.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

#### ON MOTION FOR REHEARING.

BLOODWORTH, J.   The writ of error in this case was dismissed because the bill of exceptions appeared not to have been filed in the office of the clerk of the superior court within fifteen days from the date of the certificate thereon of the trial judge. The motion under consideration asks for a rehearing and reinstatement of the case upon the ground that the clerk of the superior court erroneously entered upon the bill of exceptions March 25, 1923, as the date on which the bill of exceptions was filed in his office,

whereas it is claimed that it was really filed "on the 11th or 12th of March, 1923." Under the rulings in *Auto Highball Co.* v. *Sibbett,* 11 *Ga. App.* 618 (75 S. E. 914), and *McDaniel* v. *Columbus Fertilizer Co.,* 109 *Ga.* 284 (1) (34 S. E. 598), this court probably would have directed the clerk of the superior court to recertify as to the time of the filing in his office of this bill of exceptions, to the end that the correct date of filing be shown, but for the facts hereinafter stated. If the date of filing was changed, the bill of exceptions would still be subject to dismissal because service thereon was acknowledged on March 10th, and the record was not transmitted to this court until April 2d, and this is more than the statutory period of fifteen days allowed the clerk in which to transmit the record. See Civil Code (1910), § 6153. On the transcript of the record the clerk did not certify to the cause of the delay as required by section 6226 of the Civil Code of 1910. In an affidavit of counsel for plaintiff in error, attached to and made a part of the motion for a rehearing and reinstatement of the case, he swears that " at the time of leaving said bill of exceptions with the said clerk affiant stated to said clerk on account of certain reasons he would be obliged to him if he would hold them in transmitting to the Court of Appeals transcript of the same as long as the law allowed him to do so." The certificate of the clerk attached to said motion shows that the delay in transmitting the record was the result of his " endeavoring to comply with the request mentioned in said affidavit." As counsel for plaintiff in error at least " participated in the cause of the delay," this is sufficient to require the dismissal of the bill of exceptions. Who can question that this request of counsel was at least the partial cause of the delay in transmitting the record to the Court of Appeals.

In *Jackson* v. *Chastain,* 67 *Ga.* 757, Chief Justice Jackson said: " The record was not transmitted to this court within the time prescribed by law, and prior to the act of 1877 the bill of exceptions must have been dismissed. *Will that act save it from this fate? Not if the counsel for plaintiff in error participated in the cause of the delay.* He did participate in it, according to the statement of Mr. Moore agreed upon as the true facts of the case. But for his interposition, in all human probability, the transcript of the record would have been sent in time. No matter that he

interposed from the best motives, if that interposition prevented its arrival in time. It was the clerk's duty to transmit the record here, and not to confide it to any of the counsel, and however honorable counsel may be in this case, general rules must govern us, and the writ of error must be dismissed." (Italics ours). In *Perry* v. *Gunby,* 41 *Ga.* 415, the 2d headnote is as follows: " If the failure of the clerk to send up the record is caused by counsel for plaintiff in error misinforming him as to where the rule fixing the time within which to send it up was to be found, the writ of error will be dismissed.". In *Easterling* v. *State,* 9 *Ga. App.* 464 (1) (71 S. E. 774), this court held: " When it appears that the clerk of the trial court has failed to transmit to the Court of Appeals within the time prescribed by law the bill of exceptions and the transcript of the record, and that an attorney for the plaintiff in error 'has been the cause of the delay, by consent, direction, *or procurement of any kind,'* the writ of error will· be dismissed. Civil Code (1910), §§ 6185, 6186; *Budden* v. *Brooks,* 123 *Ga.* 882 (51 S. E. 727) ; *Wilson* v. *State,* 124 *Ga.* 30 (52 S. E. 81) ; *Pope* v. *State,* 93 *Ga.* 216 (18 S. E. 649) ; *Calhoun* v. *State,* 91 *Ga.* 112 (16 S. E. 379)." In *Farrar* v. *Oglesby,* 84 *Ga.* 193 (10 S. E. 733), the Supreme Court said: " The statutory doctrine is, that a mere failure of the clerk to perform his duty within the time prescribed shall work no injury to the party, but where the failure results from the fault of the party or his counsel, it counts as effectually against such party as it did prior to the act of 1870. For some reason — doubtless a sufficient reason — the legislature has thought proper to command that the clerk's duty shall be performed within ten days after the bill of exceptions is filed in office, and we cannot consistently with law give countenance to any interference with this duty by the plaintiff in error or his counsel. It is always matter of regret not to hear a case upon its merits, but parties who desire a hearing must comply with the terms prescribed by the legislature."

Referring to what are now sections 6185 and 6186 of the Civil Code of 1910, the Supreme Court, in *Strong* v. *Atlanta Consolidated St. Ry. Co.,* 97 *Ga.* 696 (22 S. E. 582), said: " The provisions of these sections were enacted in 1877, and though many acts have since been passed with the view of providing against dismissal of cases in this court, and securing as far as possible a

hearing of all cases upon their merits, none of these acts have undertaken to repeal or modify the above recited provisions of the act of 1877. The act of November 17, 1893 (Acts of 1893, p. 51) [Civil Code of 1910, § 6171], the purpose of which was to prohibit the dismissal of what are popularly known as 'fast writs of error' on account of a failure by the clerk of the trial court to transmit the record within the time prescribed by law, is itself rendered inoperative where 'such failure is due to the neglect or fault of the plaintiff in error or his counsel;' thus showing that the General Assembly had not, up to that time, manifested any disposition to protect litigants who were themselves responsible for the failure to have their cases properly brought to this court. Nor are we aware of any legislation, even up to date, exonerating plaintiffs in error from the consequences of such neglect. Upon the question of retaining the case for a hearing on its merits, we have no discretion; and in granting the motion to dismiss, we have simply performed our plain duty in the premises."

*Rehearing denied. Broyles, C. J., and Luke, J., concur.*