28614. SLAPPEY *v.* THE STATE.

DECIDED JANUARY 22, 1941. REHEARING DENIED APRIL 2, 5, 1941.

*Gilbert C. Robinson,* for plaintiff in error.

*E. L. Forrester, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried on an indictment charging him with the offense of burglary. On the trial he was convicted of the offense of larceny from the house. His motion for new trial was overruled, and he excepted.

The first special ground of the motion complains that on the cross-examination of the prosecutor, the court refused to allow counsel for the defense to ask the prosecutor if Green Smith and Johnnie Mack had not broken into his place of business sometime before the breaking charged in the indictment. We see no merit in the ground. It does not appear that the previous alleged breaking had any connection with the breaking charged in this case, or when the previous breaking occurred, except that it was "before" the breaking charged in the indictment. Certainly the court did not err in excluding the evidence that at some indefinite time in the past two third persons, not connected with the burglary charged in the indictment, had burglarized the same premises. *Crews* v. *State,* 44 *Ga. App.* 546, 550 (162 S. E. 146) ; *Haynes* v. *State,* 18 *Ga. App.* 741 (90 S. E. 485) ; *Crowell* v. *State,* 74 *Ga.* 396 (3) ; *Merchants Bank of Rome* v. *Greenwood,* 113 *Ga.* 306 (38 S. E.

826). Nor does the ground show that counsel for the movant was unduly restricted in his cross-examination of the prosecutor. The evidence sought to be elicited was irrelevant to the issues in the case, and "The right to a thorough and sifting cross-examination is not abridged in confining it to matters that are in some way germane to the issues being submitted; and where there is no attempt to show that facts sought to be developed are connected with the case, even remotely, there is no error in excluding them because of their immateriality." *Stevens* v. *State,* 49 *Ga. App.* 248 (2) (174 S. E. 718). And even where a party is under cross-examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of his questions apparent. *City Bank of Macon* v. *Kent,* 57 *Ga.* 283 (16) ; *Sims* v. *State,* 177 *Ga.* 266 (2), 271 (170 S. E. 58). We do not think that the court abused its discretion in refusing to allow counsel to propound the question to the prosecutor. The cases cited in behalf of the plaintiff in error are distinguished by their facts from this case.

Two grounds of the motion complain of the exclusion of testimony, elicited on cross-examination of witnesses for the State, that the defendant, when he heard that the sheriff was looking for him, told the person who so informed him that he would go to the sheriff, and that he did go to the sheriff's office and voluntarily surrendered to him. In *Dixon* v. *State,* 116 *Ga.* 186 (42 S. E. 357), headnote 2 reads as follows: "It is not, on the trial of a criminal case, competent to introduce in behalf of the accused evidence of his own self-serving declarations, whether made before or after the time of the commission of the alleged offense." See *Lingerfelt* v. *State,* 125 *Ga.* 4 (2) (53 S. E. 803, 5 Ann. Cas. 310), and cit. In *Register* v. *State,* 10 *Ga. App.* 623 (2) (74 S. E. 429), this court made the following ruling: "The fact that a person accused of crime voluntarily surrendered to the sheriff and made no attempt to escape can not be proved by him in his own behalf." Nor can such a fact be proved by any one else in behalf of the accused. *Williams* v. *State,* 23 *Ga. App.* 129 (2) (97 S. E. 563). See also *Flannigan* v. *State,* 136 *Ga.* 132 (3) (70 S. E. 1107). It does not appear from the grounds that the excluded evidence was a part of the res gestæ or that it was in rebuttal of any evidence introduced by the State. We think the evidence was properly rejected. The cases cited by counsel for the accused are differentiated by their facts from this case.

The two remaining grounds assign as error two excerpts from the charge of the court. These excerpts, when considered in the light of the entire charge and the facts of the case, fail to show reversible error. The corpus delicti was sufficiently established, and the undisputed evidence showed that the defendant was in possession of the stolen property a few days after the theft. His explanation, that he found the property (an adding machine) in the woods while he was looking for liquor, was evidently rejected by the jury as not being a satisfactory explanation of his recent possession of the stolen property. The defendant's conviction was authorized by the evidence, and none of the assignments of error shows cause for a reversal of the judgment. The authorities cited in behalf of the accused are not controlling in this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*