## 30435. WRIGHT *v.* THE STATE.

DECIDED JUNE 30, 1944.

*J. D. Godfrey, J. Roy Rowland, E. L. Rowland,* for plaintiff in error.

*W. H. Lanier, solicitor-general,* contra.

MacIntyre, J. 1. On the hearing of a motion for a continuance based on the absence of a material witness for the defendant, the movant testified that he did not know where the witness was; that he was in the army; that he last heard of him in Pennsylvania, and wrote him there but the letter came back; and that a search had been made for him in the community where he had previously lived, and he could not be found. The court was authorized to find that the witness was beyond the jurisdiction of the court; that his absence was not temporary; and that the court was powerless to force him to attend. And although the movant did state that he expected to have the witness present at the next term of the court, if possible, in these circumstances, the motion should have gone further and stated the means whereby the defendant expected to procure the witness's attendance, as that he had promised to attend, or that the defendant had some other ground for his expectation that the witness would attend. The judge did not abuse his discretion in overruling the motion for a continuance. *Woolfolk* v. *State,* 85 *Ga.* 69, 83 (4) (11 S. E. 814); *James* v. *State,* 23 *Ga. App.* 534 (98 S. E. 737). See *Pyburn* v. *State,* 84 *Ga.* 193 (10 S. E. 733).

2. The exceptions in special ground 2 of the motion for new trial are that, "during the trial of said case the court refused to permit A. W. Smith, the sheriff, a witness for the State, to testify on cross-examination that the defendant gave up when he went to arrest him. The question asked the witness was as follows: 'The defendant was there to give up?' The answer of the witness was, 'Yes sir.' The solicitor-general objected to that testimony, and the court sustained the objection. It was error for the court to refuse to allow the sheriff to testify on cross-examination, he being a witness for the State, what the defendant's actions were after the homicide; the State having tried to show flight by the testimony of other witnesses." In order to determine whether this testimony was admissible, it would be necessary for this court to ascertain whether the testimony offered and excluded was in rebuttal, or explanatory of any evidence introduced by the State in an attempt to show flight, or whether it was original evidence. The

ground should state the evidence on that point (flight) and give the name of the witness so testifying, so that the court could determine for itself whether the evidence sought to be introduced was original and self-serving, and therefore inadmissible, or was in rebuttal or explanatory of evidence introduced by the State, in an attempt to show flight. In the latter event it would be relevant and admissible. *Jones* v. *State,* 132 *Ga.* 340 (63 S. E. 1114); *Summerlin* v. *State,* 25 *Ga. App.* 568 (103 S. E. 832). "These exceptions ought not to refer the court from one part of the record to another to discover what was ruled, and to other and various parts of the record to search for evidence relating to that particular point, but the exception should be complete in itself. It should state what was the ruling complained of, the evidence on that point, and state of what and wherein the error consisted." *Enzor* v. *State,* 63 *Ga. App.* 79 (5) (10 S. E. 2d, 213). This ground does not set forth any evidence by which the defendant contends the State attempted to prove flight. The ground is incomplete in that it is not sufficiently explicit for us to determine whether the evidence was inadmissible or not. *Pyburn* v. *State,* 84 *Ga.* 196 (4) (supra); *Braxley* v. *State,* 17 *Ga. App.* 196 (4) (86 S. E. 425).

3. Exception is taken to the following testimony of Mrs. Johnson: "I live about a mile and a half from where Lillie Hall lived on the 22nd day of June, 1941 [the date of the homicide]. At that time I knew John Henry Wright. I remember the day that William Timothy Hall was shot down there at Lillie Hall's; it was on Sunday, but I don't remember the date. I had seen John Henry Wright that day; he stopped at my house. Old man Jerry Derriso was with him when he stopped at my house. I can't tell you what he stopped at my house for; he stopped there, and was talking to old man Jerry Derriso was all I know. I heard him talking to old man Jerry Derriso. When he left there, he left from my house and went down toward Mrs. Lena McCoy's, and went through the field to Lillie's. While he was talking to old man Jerry Derriso I heard him tell old man Jerry Derriso that he was going over there and kill that God damn son of a bitch before the sun went down—he did not call any name. After he left there I heard a pistol fire, but I don't know where it was at. He had been gone a pretty good while from my home; he had been gone long enough to have got to Lillie's house; he had been gone

long a plenty to have got to Lillie's house; it was right about a half hour or hour, something like that after he left our house that I heard these shots." The testimony of the other witnesses corroborated Mrs. Johnson, in that it was sufficient to show that on the same day after the defendant left her home, a sufficient length of time had elapsed for him to have reached Lillie Hall's house, where he engaged in a difficulty with the deceased in which he shot and killed him. The objection to the testimony of Mrs. Johnson that it did not show that the person referred to in the threat was the deceased, and that the threat was not a part of the res gestæ, was not meritorious for the reason that the evidence as a whole authorized a finding by the jury that the person referred to by the defendant in the threat was the deceased. The defendant, in his statement, did not deny that he made the threat, or that the person referred to was not the deceased. *Hixon* v. *State,* 130 *Ga.* 479 (61 S. E. 14); *Harris* v. *State,* 109 *Ga.* 280 (34 S. E. 583).

4. The defendant does not mention or argue the general grounds in his brief, and they are treated as abandoned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*