### 41048.   LEACH, Administrator v. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al.

EBERHARDT, Judge.   Defendants' motion for summary judgment was granted and plaintiff's bill of exceptions was certified and filed with the clerk of court June 1, 1964. The clerk completed the transcript June 30, 1964. A bill for costs was mailed to plaintiff's attorney July 1, July 17 and July 22, 1964. · In early August plaintiff's attorney discovered, after numerous inquiries, that plaintiff had died on or about June 8

and application was made August 10 for the appointment of an administrator. The county administrator qualified September 21, 1964, made and filed a pauper's affidavit October 16, 1964. Defendants have moved to dismiss because plaintiff failed to prosecute the appeal with diligence. *Held:*

The writ of error must be dismissed under the authority of *Code Ann.* § 6-1301, providing that any delay caused by plaintiff in error or his counsel beyond the statutory time (20 days in *Code Ann.* § 6-1001) in transmitting the record to the appellate court results in a dismissal. *Budden v. Brooks*, 123 Ga. 882 (51 SE 727). See, 2 E.G.L., Appeals, § 164. Even assuming that the delay until September 21 was not chargeable to plaintiff in error or her counsel (but see, *Code* § 113-1207, allowing appointment of temporary administrator), the twenty-five day period between the appointment of the administrator and the filing of the pauper's affidavit is ground for dismissal. See *Nobles v. Smith*, 17 Ga. App. 421 (87 SE 606) where there was delay of only two days.

The 1963 amendment to *Code Ann.* § 24-2729 (Ga. L. 1963, p. 368) requiring costs to be paid or pauper's affidavit made before transmission of the record, eliminated the basis for the holdings in *Hathorn v. Maynard*, 65 Ga. 168 (11), *In the Matter of Contempt by Four Clerks*, 111 Ga. 89 (6) (36 SE 237), *Bryant v. Motors Ins. Corp.*, 109 Ga. App. 47, 48 (1) (134 SE2d 905), and, in effect, overruled them.

While we are loath to dismiss cases without an adjudication on the merits, it is required by the controlling authority. See *Godby v. Hein*, 107 Ga. App. 481, 484 (130 SE2d 511); *Wright v. Savannah Transit Authority*, 110 Ga. App. 710 (140 SE2d 149).

*Writ of error dismissed. Nichols, P. J., and Pannell, J., concur.*

DECIDED JANUARY 28, 1965.

*Matthews & McClelland, J. Ralph McClelland, Jr.*, for plaintiff in error.

*John L. Westmoreland, Smith, Webb & Dreher, Walter Akerman, Jr., Charles M. Kidd, Jr.*, contra.