## STERLING v. THE STATE.

1. In opening a criminal case to a jury preliminary to the introduction of evidence, the solicitor-general may state what he hopes to prove tending to show the motive under which the accused acted in committing the alleged offence. If, on objection to the statement, the court declines to interfere, but instructs the jury that if the solicitor does not prove what he says he hopes or expects to prove then they shall give the matter no consideration whatever, no error is committed.

2. On the trial of an indictment for assault with intent to murder, though there be no direct evidence pointing distinctly to any specific motive, the solicitor-general in commenting on the evidence in his argument may advance and urge any theory as to the motive which is not absolutely inconsistent with the facts and circumstances in proof, motive being pertinent, and inferences from circumstances being legitimate and proper means of arriving at it.

3. The code, section 4656, declaring that, "In all cases where the term of punishment in the penitentiary is discretionary, the court shall determine that punishment, paying due respect to any recommendation which the jury may think proper to make in that regard," and assault with intent to murder being one of these offences, it was not error to charge: "In the event that you should think and believe from the testimony that the defendant is guilty of the offence charged, it is your privilege to recommend the defendant to mercy after finding a verdict of guilty, and the court would sentence the defendant, upon conviction, taking into consideration your recommendation to mercy."

4. A conviction of assault with intent to murder on circumstantial evidence may be had although no particular motive for the commission of the offence is apparent to the jury, and although they may be unable to determine from the evidence what his motive really was.

5. There was no error in refusing a new trial.     *Judgment affirmed.*
   August 1, 1892.

Criminal law.   Evidence.   Motive.   Conduct of trial. Charge of court.   Before Judge FISH.   Sumter superior court.   November term, 1891.

Sterling was indicted for assault with intent to murder Phillips, and was found guilty with a recommendation to mercy.   He moved for a new trial; the motion was overruled, and he excepted.

The first special ground of the motion is as follows: Before any evidence had been introduced, the solicitor-general was proceeding to open the case to the jury ; he stated what he expected to prove, and also stated that he hoped to prove, but did not know whether he could prove it or not, that the motive actuating the defendant to make the assault was, that Phillips was the night watchman at the guano factory in Americus, that the defendant was a recent employee just arrived to take his position at that factory, and that the defendant himself said : " I have worked as night watchman in another guano factory, and I have gotten rid of one night watchman of a guano factory before, and I can get rid of another if necessary." The defendant objected to the making of this statement, and moved that the court instruct the jury not to consider any statement made by the solicitor-general as to what he hoped to prove. In reply to this objection the court stated that he could not know what the solicitor-general hoped or expected to prove, and said to the jury that if the solicitor-general did not prove what he said he hoped or expected to prove, then they should give the matter no consideration whatever. The defendant assigns error upon the overruling of his objection and motion, because (1) the refusal to sustain them tended to prejudice the minds of the jury against his innocence, especially as no such testimony or any suggestion of it was introduced later in the trial by the solicitor-general, naturally leading the jury to infer that while such was the motive of the defendant in committing the alleged act, it was not proved because of the inability of the solicitor-general to obtain a witness; and (2) this was a case of circumstantial evidence, and the motive was a necessary link in the chain.

The next ground is that the court allowed the solicitor-general in conclusion to argue that the desire to supplant

Phillips as night watchman by murdering him might or might not be the motive of the alleged assault, over defendant's objection that such argument was utterly unwarranted by any evidence, there being no evidence as to that or any other motive for the crime charged.

The refusal to give the following charge as requested is assigned as error: "If you find that the evidence relied upon by the State is circumstantial, then I charge you that there must be proven some motive why the defendant should have committed the crime charged against him; and if an absence of motive should appear, and the evidence should be entirely circumstantial, then I charge you that you should acquit the defendant."

The errors assigned upon the charge quoted in the third head-note are, (1) that the law does not provide for the jury to be instructed to recommend a defendant to mercy on an indictment for this offence; and (2) that such charge was prejudicial against the defendant, because it tended to influence the jury, aside from his positive guilt of which they should have been satisfied beyond a reasonable doubt, to make a compromise verdict, to wit the verdict which was in fact made.

The other grounds are, that the verdict is contrary to law and evidence, and to the entire charge of the court, and especially to the following portion thereof: "When a great crime has been committed, it is important to inquire whether the accused party was influenced by motive to commit such an offence, for the absence of all motive to commit the offence charged against him affords a strong presumption of his innocence. There can be no murder without malice, and no malice without motive."

HINTON & CUTTS, by brief, for plaintiff in error
C. B. HUDSON, solicitor-general, contra.