2308:   HENDERSON *v.* THE STATE.

POWELL, J.   The evidence, though weak and circumstantial, is not legally insufficient to support the verdict.       *Judgment affirmed.*

Accusation of larceny; from city court of Americus—Judge Crisp.   November 13, 1909.

Submitted January 12,—Decided January 21, 1910.

*Howell B. Simmons,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

---

2311.   JONES *v* THE STATE.

POWELL, J.   Under no rational view of the evidence was the law of voluntary manslaughter involved; the submission of instructions thereon was error, and the verdict finding the defendant guilty of that offense was contrary to law.   *Brantley* v. *State,* 5 *Ga. App.* 458 (63 S. E. 519).

2. Under the facts of the case, it was erroneous to instruct the jury that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." *Holland* v. *State,* 3 *Ga. App.* 466 (60 S. E. 205) ; *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177) ; *Johnson* v. *State,* 105 *Ga.* 665 (31 S. E. 399) ; *Clay* v. *State,* 124 *Ga.* 795 (53 S. E. 179).

3. In all cases where the term of punishment in the penitentiary is discretionary, the jury may in their verdict make a recommendation as to the extent of the punishment, though the judge is not bound to respect the recommendation; and it is not error for the judge so to instruct the jury.   Penal Code, § 1037; *Sterling* v. *State,* 89 *Ga.* 807 (15 S. E. 743).       *Judgment reversed.*

Conviction of manslaughter; from Chattooga superior court—Judge Morris presiding.   November 13, 1909.

Submitted January 12,—Decided January 21, 1910.

*J. M. Bellah, F. W. Copeland,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.