### 4762.　ODOM v. THE STATE.

RUSSELL, J. 1. The fact that a dying statement not reduced to writing was made by one in articulo mortis previously to a statement which was thereafter reduced to writing does not render the prior oral statement inadmissible, provided it otherwise so complies with the requirements of law as to be competent testimony.

2. An objection to testimony as to an alleged dying declaration, upon the ground that the declarant had said, "I know the man, but I can not call his name," and that therefore the declarant did not know the person who killed him, is not supported when there is other evidence which clearly discloses the identity of the individual referred to by the declarant.

3. The charge of the court upon the subject of drunkenness is in accord with the provisions of section 39 of the Penal Code, and does not contain any expression of opinion by the court as to whether the defendant was in fact drunk or not. *Marshall* v. *State*, 59 *Ga.* 156.

4. The evidence authorized the charge upon the subject of voluntary manslaughter.

5. The instruction of the court, in answer to a request of the jury, that the jury might recommend the defendant to mercy although they found the accused guilty of a felony, does not require the grant of a new trial, especially since the jury were distinctly informed that if they returned a verdict of "guilty of voluntary manslaughter" with a recommendation of mercy, such recommendation would not have the effect of reducing the crime from a felony to a misdemeanor.

6. There was no error in refusing a request for instructions to the jury.

　　　　　　　　　　　　　　　　　　*Judgment affirmed.*

DECIDED OCTOBER 29, 1913.

Conviction of manslaughter; from Bibb superior court—Judge Mathews. January 31, 1913.

*John R. Cooper,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.