### 5893.   FRAZIER *v.* THE STATE.

1. Where, under the provisions of section 1062 of the Penal Code of 1910, the jury has the right to recommend that the accused be punished as for a misdemeanor, it is the duty of the trial judge to inform them in plain and unmistakable language that such a recommendation will not be effective unless it meets with his approval.
2. Some of the alleged newly discovered evidence was discovered, and the remainder could, by the exercise of proper diligence, have been discovered, before the trial, and all of it is plainly cumulative and impeaching in its character. Therefore the trial judge did not abuse his discretion in refusing to grant a new trial because of this evidence.

DECIDED NOVEMBER 4, 1914.

Indictment for robbery; from Sumter superior court—Judge Littlejohn. July 6, 1914.

*C. R. Winchester, J. B. Hudson,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

WADE, J. This court said in the headnote of the decision in *Taylor* v. *State,* 14 *Ga. App.* 492 (81 S. E. 372): "On the trial of one indicted for the commission of a felony, other than one of those enumerated in section 1062 of the Penal Code, it is the duty of the court, whether so requested or not, to inform the jury that

should they find the defendant guilty of a felony and see proper to recommend that he be punished as for a misdemeanor, their recommendation would not be binding upon the trial judge, nor effective unless approved and acted upon by him." In that case the record showed that the trial judge failed altogether to instruct the jury that a recommendation from them that the defendant be punished as for a misdemeanor would only be effective in the event of approval by the court. In the body of the decision this court used the following language in stating the precise question ruled upon in that case: "It is alleged that the court erred in that after having charged the jury that they would be authorized, should they find a verdict of guilty, to go further and recommend that the defendant be punished as for a misdemeanor, the court failed, in the same connection or elsewhere, to inform the jury that such a recommendation, to be effective, would have to meet with the approval of the judge." Construing the entire opinion in connection with the headnote, it is obvious that this court intended to convey the idea that in cases where the jury has the right under the law to recommend that one convicted of a felony be punished as for a misdemeanor, it is reversible error for the trial judge to fail to inform the jury that their recommendation would only be binding in case it met with his approval. We did not mean to prescribe any precise and particular form of words to be used by trial judges in informing the jury as to the legal effect of such a recommendation, but intended to lay down the rule that in such cases the judge must in effect apprise the jury of the weight and value of such a recommendation, and inform them in effect that the recommendation itself would be valueless to the accused unless approved by the judge. We do not desire or intend either to recede from or to modify the ruling made in the *Taylor* case, supra, but desire rather to emphasize the views therein set forth, with the added suggestion, however, that the opinion in the *Taylor* case must, like all opinions from courts of last resort, be interpreted in such a way as to give effect to its plain spirit and purpose.

If the judge presiding at the trial of one accused of a felony, where under the law the jury may recommend that he be punished as for a misdemeanor, informs the jury of their right so to recommend, and clearly indicates to them in unmistakable language that the recommendation will not be effective unless it meets with his

approval, this is sufficient, though he may not couch the instruction in the precise words set out in the headnote quoted from *Taylor* v. *State,* supra.

In the case now under consideration it is contended that the instruction given by the trial judge was not in accordance with the ruling in the *Taylor* case, supra. The judge after advising the jury of their right to recommend, etc., said: "In the event that recommendation is approved by the court, a misdemeanor punishment would be inflicted, instead of a felony punishment." While this perhaps was not in *strict* verbal accord with the rule in the *Taylor* case, supra, that the judge should inform the jury that "their recommendation would not be binding upon the trial judge, nor effective unless approved and acted upon by him," it is nevertheless in substantial compliance with that ruling, since we must assume that a jury is composed of men of some intelligence; and to men of sufficient intelligence to qualify as jurors the plain significance of such a charge as that given in the instant case was obvious. The use of the words "instead of a felony punishment" emphasized the futility of the recommendation unless it should be approved by the judge. If any fuller instructions had been desired, a written request therefor should have been made.

Where the testimony which must have been accepted by the jury in order to justify a verdict of guilty is clear, definite, and positive, and sufficient to plainly establish the guilt of the accused, a defect in the charge of the court which could not have affected the result reached by the jury would be immaterial. In this case the jury recommended that the defendant be punished as for a misdemeanor, and from an inspection of the evidence in the record it is clear that the language of the trial judge in the charge complained of did not cause them to resolve any doubts as to the guilt of the accused in favor of the State; for the testimony of the witness upon whose evidence the verdict rests makes a case of guilt so plain and unequivocal that it is manifest that the recommendation was made solely in the exercise by the jury of their discretion in favor of clemency, as authorized by section 1062 of the Penal Code; and this is all that the defendant could have asked for if the charge had in so many words instructed the jury that such a recommendation would be ineffective unless approved by the trial judge. The ruling announced in the second headnote requires no elaboration.

*Judgment affirmed. Roan, J., absent.*