### 7224. WINDER v. THE STATE.

RUSSELL, C. J. 1. When an assignment of error, complaining of the admission of testimony, does not disclose that any objection to it was made at the trial, a court of review can not with propriety consider the exception.

2. The absence of testimony sufficient to support the credibility of witnesses who purport to furnish newly discovered evidence is fatal to a ground of a motion for a new trial based thereon, if the trial judge sees proper to overrule it. Civil Code, § 6086.

3. In the absence of a written request, the trial judge is not required to charge the law relative to the impeachment of witnesses.

4. Although, as a general rule, an express retraction of an incorrect instruction by the court and a full explanation of the true rule or principle of law applicable to the point is essential in order to correct the error, where a jury has been incorrectly charged, this rule is not applicable where the error complained of is a mere lapsus linguæ. In

the present case the judge, in charging the jury as to the defendant's defense (which was that he shot to protect the person of his sister from a felony), instructed them that the shooting would be justifiable if the jury believed that the accused "shot in self-defense, to protect the person of his sister." The expression "self-defense," in this connection, was a mere verbal inaccuracy; and it is inconceivable that the language could have caused a jury of ordinary intelligence to entertain any other impression than that the defendant was justifiable if he shot in defense of his sister.

5. Failure of the trial judge to instruct the jury substantially to the effect that should they recommend that one who is on trial for a felony be punished as for a misdemeanor, the recommendation would not be binding upon the judge, nor effective unless approved and acted upon by him, is reversible error. *Taylor* v. *State*, 14 *Ga. App.* 492 (81 S. E. 372) ; *Frazier* v. *State*, 15 *Ga. App.* 365 (83 S. E. 273) ; *Bragg* v. *State*, 15 *Ga. App.* 368 (83 S. E. 274). However, in the state of the present record, a new trial is not required by the instruction of the trial judge that if the jury recommended that the defendant be punished as for a misdemeanor, he would be so punished "provided the court approved of [the] recommendation."

6. None of the remaining assignments of error are sufficiently meritorious to have required the grant of a new trial.

7. The testimony is in acute conflict as to the motive which actuated the defendant in shooting the prosecutor,—whether for malice or in order to protect his sister from a felony about to be committed upon her by the prosecuting witness. However, the verdict is sufficiently supported, and the exercise of the trial judge's discretion in refusing the new trial will not be disturbed.                    *Judgment affirmed.*

DECIDED MAY 2, 1916. REHEARING DENIED JUNE 5, 1916.

Conviction of assault with intent to murder; from Morgan superior court—Judge Park. December 11, 1915.

*E. H. George,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.