### 10605. JOHNSON *v.* THE STATE.

On the trial of one charged with a felony the punishment of which, under the Penal Code of 1910, § 1062, could on recommendation of the jury be reduced to that of a misdemeanor, an instruction by the court that should the jury find the defendant guilty, they could recommend him to the mercy of the court, "in which case, should the court approve the recommendation, the defendant would be punished as for a misdemeanor," was not subject to exception on the ground that the judge failed to give an additional instruction (not requested) that if they should make such a recommendation "the court could ignore their recommendation altogether and put the defendant in the penitentiary."

DECIDED JULY 23, 1919. REHEARING DENIED SEPTEMBER 19, 1919.

Indictment for larceny; from Bibb superior court—Judge Mathews. April 19, 1919.

*John R. Cooper, H. F. Rawls, W. O. Cooper, Jr.,* for plaintiff in error.

*C. H. Garrett, solicitor-general pro tem.*

BLOODWORTH, J. 1. The court did not err in the instructions set out in the 1st and 2d grounds of the amendment to the motion for a new trial, which were complained of as not being authorized by evidence.

2.  Error is assigned on the following part of the charge of the court: "The larceny of an automobile, locomobile, motor-cycle or other like vehicle propelled by electricity or gasoline in this State shall be a felony, and any person convicted thereof shall be punished in the penitentiary for a time not less than one year nor longer than five years. [Ga. L. 1916, p. 154.] So you see the offence charged in this indictment is a felony, made so by a special act of the legislature. However, it is a felony that may be reduced to a misdemeanor. Should the jury believe this defendant guilty beyond a reasonable doubt, and if they so find, they may recommend him to the mercy of the court, in which case, should the court approve the recommendation, the defendant would be punished as for a misdemeanor; that is to say, he would receive a sentence on the chain-gang for a term of not more than twelve months, or in the county jail not more than six months, or to pay a fine of not more than one thousand dollars, any one or more, in the discretion of the court." This charge, which is excepted to "for the reason that the trial judge omitted to charge the jury in this connection that if they recommended defendant to the mercy of the court to be punished as for a misdemeanor, the court could ignore their recommendation altogether and put the defendant in the penitentiary," was correct and pertinent, and is not rendered erroneous by failure to give other instructions appropriate to the case in connection therewith. *Grimsley* v. *Singletary, 133 Ga.* 56, 57 (3) (65 S. E. 92, 134 Am. St. R. 196); *Western and Atlantic Railroad Co.* v. *Watkins, 14 Ga. App.* 388 (4), 392 (80 S. E. 916), and cases cited. In addition the judge told the jury, "If you believe the defendant guilty of the offence of larceny of an automobile, the verdict will be, "We, the jury, find the defendant Leon Johnson guilty; to which you may add a recommendation should you see fit."

In *Lingerfelt* v. *State, 125 Ga.* 4 (53 S. E. 803, 15 Ann. Cas. 310), the 4th paragraph of the decision is as follows: "Where the court charged that if the jury should find the defendant guilty generally, he would be subject to confinement in the penitentiary for a time not less than two years nor longer than ten years; that they would have the right to reduce the punishment to that appropriate to a misdemeanor; that 'if the judge should approve that, he would be punished as for a misdemeanor;' and that the

form of verdict proper for that purpose would be to find the defendant guilty and recommend that he be punished as for a misdemeanor, in the absence of any request to charge more specifically on the subject there was no error in failing to explain to the jury, that, in the event they should find the defendant guilty with the recommendation referred to, the judge could disregard such recommendation and punish him as for a felony." In the case of *Taylor* v. *State,* 14 *Ga. App.* 492 (81 S. E. 372), the judge failed to charge the jury that they could recommend that the defendant be punished as for a misdemeanor, and to inform the jury that such a recommendation, to be effective, would have to meet with the approval of the judge. The judgment in that case was reversed because of the total failure of the judge to charge these propositions. However, in discussing this error, Judge Russell said (p. 499) : "In *Lingerfelt's* case, it is true, the instructions of the trial judge were not held to be erroneous; and this was because the jury were told that 'if the judge should approve [the recommendation] he would be punished as for a misdemeanor.' The court held only that in the absence of a request for a more specific charge on the subject, there was no error in failing to explain to the jury that the judge could disregard the recommendation and punish as for a felony; and it is therefore clear to our minds that the instruction was held sufficient because further explanation would only have made more plain the negative pregnant couched in the language used by the trial judge. When the judge, in *Lingerfelt's* case, told the jury that the accused would be punished as for a misdemeanor if he approved the recommendation, it was easily to be inferred by the jury that if the recommendation as to misdemeanor punishment was not approved, the accused would be punished as for a felony." In *Frazier* v. *State,* 15 *Ga. App.* 365 (83 S. E. 273), Judge Wade said in the opinion: "If the judge presiding at the trial of one accused of a felony, where under the law the jury may recommend that he be punished as for a misdemeanor, informs the jury of their right so to recommend, and clearly indicates to them in unmistakable language that the recommendation will not be effective unless it meets with his approval, this is sufficient, though he may not couch the instruction in the precise words set out in the headnote quoted from *Taylor* v. *State,* supra." Apply-

ing the rule announced in the *Lingerfell* case, and approved in the *Taylor* and *Frazier* cases, it will be seen that in the absence of a timely and proper written request, there was no error in the failure of the judge to give a more specific charge on this branch of the case.

3. There was evidence to support the verdict, and, under the uniform and repeated rulings of this court and of our Supreme Court, the verdict approved by the trial judge, where no error of law is committed, will not be disturbed.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*