### 11155. LEWIS v. THE STATE.

BLOODWORTH, J. 1. A ground of the motion for a new trial complains of the admission of evidence relative to whisky found in a house not identified in any way in this ground, and there described only as "the house." To ascertain what house is referred to it would be necessary to look to the brief of evidence, and this court is not required to do this. "Under repeated decisions of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." McCall v. State, 23 Ga. App. 770 (1) (99 S. E. 471).

2. The court did not err in refusing to rule out the evidence of which complaint is made in the 2d ground of the amendment to the motion for new trial.

3. When considered in connection with the remainder of the charge of the court, there is no error in the portion of which complaint is made in ground 4 of the motion for new trial.

4. Failure to give in charge to the jury the "indeterminate sentence" law (Ga. L. 1919, p. 387) could not have been harmful to the accused, for the judge charged the jury, "If you find him guilty you can go further and say, 'We recommend him to the mercy of the court,' which would mean a misdemeanor punishment," and the jury did so recommend.

5. The evidence authorized the verdict, which has the approval of the presiding judge; no error of law appears, and the judgment is

Affirmed. Broyles, C. J., and Luke, J., concur.

DECIDED MARCH 2, 1920.

Conviction of manufacture of intoxicating liquor; from Haralson superior court — Judge Irwin. October 7, 1919.

Griffith & Matthews, for plaintiff in error.

J. R. Hutcheson, solicitor-general, contra.