29963.  SUMMERVILLE *v.* THE STATE.

554

*Emmett Smith,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

MacIntyre, J. The defendant was charged with burglary. The judge charged the jury that he could be found guilty of burglary, which is punishable by imprisonment and labor in the penitentiary for not less than one nor more than twenty years, or of larceny.from the house where the property stolen from the house was valued at less than $50, his punishment would be as of a misdemeanor; and if the property stolen from the house was valued at more than $50, punishment would be from *one to ten years* in the penitentiary. The jury found the defendant guilty of larceny from the house, of goods whose value was over the amount' of $50, and fixed the punishment at from *one to three years.* The felony of which the defendant was convicted is one of those felonies which, under the Code, § 27-2501, the jury has a right to recommend that it be reduced to a misdemeanor; and it would be error for the court to fail to inform the jury in the charge, that in the event of a conviction the jury, if they saw fit, could recommend that the defendant be punished as for a misdemeanor; that the judge could disregard or approve such recommendation; and that in the latter event the punishment would be as for misdemeanor. The only part of the charge, except the subsequent part which gave the form for the verdict, that could be construed as bringing the instruction to the jury under the provisions of the Code, § 27-2501, by informing them that they had the right to recommend a misdemeanor punishment for the felony of which they convicted the defendant, is as follows: "If you convict the defendant, that is, if you find him guilty of burglary, you would have a right to recommend mercy. If you fail to find him guilty of burglary, but you find him guilty of larceny from the house, and find that the value of the goods alleged to have been taken . from the house was as much as $50 or more, then he would be

guilty of a felony; and if the value of such articles alleged to have been taken and shown by the evidence in connection with the defendant's statement to have been taken is less than $50, he would only be guilty of a misdemeanor. If you find him guilty of larceny from the house, you would have the right to recommend mercy; and I will give you all the forms before I conclude the charge." And later, when the judge in his charge was giving the form of the verdict for the felony of which the defendant was found guilty, he stated: "If you find from all the evidence, including the defendant's statement, that the property that was identified by the evidence and the State as taken from the dwelling of Charley Lancaster was $50 or more, then he would be guilty, under the rules I have given you in charge, of a felony, if you find him guilty. In other words, it is a felony where a person breaks and enters a dwelling house and takes from it merchandise or goods of the value of more than $50, and the punishment would be, in such event, imprisonment and labor in the penitentiary for not less than one nor more than ten years. So, if you find him guilty of larceny from the house, and the value of the property in controversy, as I have charged you, that is alleged to have been taken from this house and identified by the evidence and the defendant's statement, exceeds $50, you have a right to fix his punishment anywhere from one to ten years. By way of illustration, you may say one to one, one to five, five to ten, four to six, using such minimum and maximum figures as you see proper. So if you find him guilty of larceny from the house, and the value of the property identified is shown by the evidence to be worth $50 or more, the form of your verdict would be, we the jury find the defendant guilty of larceny from the house, and we fix the punishment anywhere between one and ten years, using such figures as a minimum and maximum as you see proper. Then, if you find him guilty of larceny from the house, and want to recommend mercy, you have the right to do that; and as the court is not bound to follow your recommendation, and that being the law, if you find him guilty of larceny from the house and his punishment would be for a felony under the rules of law I have given you, you would say, 'We the jury find the defendant guilty of larceny from the house,' and fix his punishment at a minimum number to the maximum number of years that you fix, and 'we recommend mercy.'"

By referring to the record in *Johnson* v. *State,* 100 *Ga.* 78 (25 S. E. 940), we find that the verdict was, "We, the jury, find the defendant guilty, May 4, 1896," and the judge sentenced the defendant to the penitentiary "for the space of two (2) years." No maximum and no minimum was expressly stated in the verdict or the sentence, and the judge in his charge stated to the jury that the punishment for burglary as charged, if they found him guilty, would be from one to twenty years in the penitentiary. The indeterminate-sentence act of 1919, giving juries the right to fix sentences in felony cases, except those punishable by life imprisonment, had not been passed at the time this case was decided. "A person indicted for the commission of a felony, other than one of those enumerated in section 1036 [27-2501] of the Penal Code, is entitled upon his trial to have the judge instruct the jury that it is within their power, in the event of conviction, to recommend that the accused be sentenced as for a misdemeanor. Such recommendation, while not conclusive upon the judge, is nevertheless a persuasive influence by which the jury may lawfully and appropriately appeal to his discretion; and the court should, whether so requested or not, inform them as to the provisions of the above-cited section of the Code on this subject. The correctness of this conclusion is the more apparent when the policy of the law, as declared in § 1037 [§ 27-2503] of the Code, is considered." *Johnson* v. *State,* supra. In *Thompson* v. *State,* 151 *Ga.* 328 (106 S. E. 278), March 16, 1921, the crime charged was assault with intent to murder, and the punishment by law prescribed therefor is two to ten years in the penitentiary. The jury rendered a verdict fixing the punishment at a minimum of two years and a maximum of two years in the penitentiary; and the Supreme Court held: "It was error requiring the grant of a new trial for the court to fail to charge the jury, on the trial of one charged with the offense of assault with intent to murder, that in the event of conviction they could recommend, if they saw fit, that the defendant be punished as for a misdemeanor," thereby reversing the ruling of the Court of Appeals, 25 *Ga. App.* 483 (103 S. E. 731). In *Moore* v. *State,* 150 *Ga.* 679 (104 S. E. 907), November 12, 1920, the defendant was charged with hog-stealing, which is a crime punishable by law by confinement in the penitentiary of from two to four years. The record in the *Moore* case shows that the

jury rendered this verdict: "We, the jury, find the defendant guilty, with a minimum sentence of two years and a sentence of three years as a maximum;" and in that case the court did not charge the jury that they could recommend, if they saw fit, that the defendant could be punished as for a misdemeanor, and, if the trial judge approved, the defendant would be so punished. The judge imposed a sentence the minimum of which was the lowest, but the maximum was *not the lowest sentence* that could be imposed, treating the crime as a felony; and the court held the failure to so charge was reversible error.

It seems to us that if in the instant case, where the felony of which the defendant was found guilty is punishable in the penitentiary from one to ten years, and was one of those not enumerated in the Code, § 27-2501 ("reducible felonies"), and where the verdict fixed his punishment at one to three years, and recommended mercy, and the judge's sentence was not for a misdemeanor but was for one to three years in the penitentiary, it was reversible error if the judge in his charge failed to inform the jury of their right to recommend a misdemeanor punishment according to the Code, § 27-2501, which is as follows: "All felonies, except treason, insurrection, murder, manslaughter, assault with intent to rape, rape, sodomy, fœticide, mayhem, seduction, arson, burning railroad bridges, train-wrecking, destroying, injuring, or obstructing railroads, perjury, false swearing, and subornation of perjury or false swearing, shall be punished by imprisonment and labor in the penitentiary for the terms set forth in the several sections in this Code prescribing the punishment of such offenses; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may in fixing the punishment, reduce such felonies to misdemeanors."

In the instant case, as in the *Moore* case, supra, the minimum sentence imposed by the judge was the lowest, but the maximum sentence was not the lowest that could be imposed, treating the crime as a felony. And if a charge by the judge merely stating, if the jury found the defendant guilty of the felony in question, that they had a right to recommend mercy, was not a compliance with § 27-2501, then the ruling in the *Moore* case would be ap-

plicable; and not the rule in *Daniel* v. *State,* 24 *Ga. App.* 557 (101 S. E. 812); and the judgment must be reversed.

The State relies strongly on *Sterling* v. *State,* 89 *Ga.* 807 (15 S. E. 743), and *Jones* v. *State,* 7 *Ga. App.* 334 (66 S. E. 961). The charges in these two cases were in accordance with the rule of law as it then stood, and particularly as expressed in the Code of 1882, § 4656, as follows: "In all cases where the term of punishment in the penitentiary is discretionary, the court shall determine that punishment, paying due respect to any recommendation which the jury may think proper to make in that regard." The *Sterling* case was decided on August 1, 1892, when this Code section was of force, and the charge in effect followed that section. But there was at that time no Code section providing for a recommendation by the jury that certain "reducible felonies" be punished as for a misdemeanor. Section 4656 of the Code of 1882 was carried forward word for word into section 1037 of the Code of 1895, and was the law at the time of the decision in *Jones* v. *State,* supra, November 13, 1909. Section 4656 of the Code of 1882, which was applicable in the *Sterling* case, supra, was in the same words as section 1037 of the Code of 1895, which was applicable in the *Jones* case, supra. However, there appeared in the Code of 1895 a new section, § 1036, which was codified from the act of 1895 (Ga. L. 1895, p. 68), and which is in the same language as § 27-2501 of the Code of 1933. § 4656 of the Code of 1882, was finally carried forward unchanged to the Code of 1910, as § 1063; § 1036 of the Code of 1895 was carried forward into the Code of 1910 as § 1062. An act of 1919 (Ga. L. 1919, p. 387) was codified (Code of 1933, § 27-2502) as follows: "The jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury. The Prison Commission shall fix rules by which said convict, after serving the minimum sentence, may be allowed to complete his term without the confines of the penitentiary upon complying with said rules." Thus the Code of 1933, in § 27-2502, gave the jury the right to fix the maximum and

the minimum time of punishment for felonies, as stated in that section. The Code of 1933, § 27-2501, also gave the jury the right to recommend a misdemeanor punishment for all felonies other than those enumerated therein. Section 4656 of the Code of 1882 was carried forward word for word in the Codes of 1895 and 1910. But in order not to conflict with § 27-2502 or § 27-2501, § 4656 of the Code of 1882 now appears in the Code of 1933 as § 27-2503, in the following language: "In all cases where the term of punishment in the penitentiary is discretionary. and the defendant pleads guilty, the court shall have the right to prescribe such minimum and maximum term as he may see fit."

Thus in the *Sterling* and the *Jones* cases, supra, the judge, under the law at the time they were decided, fixed the punishment in felony cases as well as misdemeanor cases; and the only right the jury had, relatively to fixing the punishment, was to recommend mercy—they could not fix the punishment, while at the present time, when there is a jury trial, the jury fixes the maximum and the minimum term in the penitentiary in "cases of felony not punishable by life imprisonment." Code, § 27-2502. However, there are two instances in which the judge may fix the punishment under an indictment for a felony: (1) where the defendant pleads guilty. (§ 27-2503); (2) where the jury recommends a misdemeanor punishment under § 27-2502, and the judge approves such recommendation. A charge in conformity with the old § 4656 of the Code of 1882 was a good charge in the *Sterling* case, supra, decided in 1892, but is not necessarily a charge in conformity with § 27-2501 of the Code of 1933, which gives the jury the right to recommend a misdemeanor punishment. The cases of *Johnson* v. *State,* 24 *Ga. App.* 145 (100 S. E. 235), *Lee* v. *State,* 35 *Ga. App.* 235 (133 S. E. 281), *Lewis* v. *State,* 25 *Ga. App.* 7 (102 S. E. 367), and *Odom* v. *State,* 13 *Ga. App.* 687 (79 S. E. 858), cited by the State are differentiated by their particular facts from the instant case.

We can not say from the charge that the jury did not understand that a recommendation for mercy would mean that they desired a light punishment. Yet the punishment must, under the law, be as for a felony; for was not the defendant charged with a felony, and was the jury not instructed that if a verdict declaring that the crime in question was found, it must be for a

felony, although they might recommend mercy? It might be noted that the charge relative to the felony of which he was convicted did not expressly state that a recommendation to mercy would be considered by the judge as a recommendation of a punishment as for a misdemeanor. We think that the jury were entitled to be informed in plain and unmistakable language that they had the right to recommend that the accused be punished as for a misdemeanor, and that their recommendation would not be binding on the judge or effective, unless approved and acted upon by him.

.We do not say that the language of the Code, § 27-2501, must be used by the judge, nor do we prescribe any precise form of words to be used by the judge in informing the jury of their right to recommend misdemeanor punishment and the effect of their recommendation. However, in this case, we can not say that the jury understood from the charge that they had a right to recommend a misdemeanor punishment and the effect thereof. It is impossible to say with certainty that the charge did not injuriously affect the defendant. Consequently we must order a new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*