## 32401. GRIZZLE *v.* THE STATE.

DECIDED MARCH 18, 1949.

*J. L. Davis*, for plaintiff in error.

*Warren Akin, Solicitor-General*, contra.

TOWNSEND, J. ■ Special ground 1 of the amended motion for a new trial contends that the trial court erred in failing to charge the jury in connection with the recommendation of misdemeanor punishment as described in Code § 27-2501, that it was not mandatory upon the trial judge to follow such a recommendation, and that in his discretion he might, under the law, disregard the same. The complete charge on this subject is as follows: "Gentlemen, I charge you further that, in the event you find the defendant guilty of assault with intent to murder, you have the right to go further and recommend mercy of the court. Also, I charge you that if you do not find the defendant guilty of the offense of assault with intent to murder, but do find him guilty of the offense of shooting at another, you also have the right to go further and recommend mercy of the court, and in that event, in either event, if your recommendation was followed by the court, the defendant would be punished as for a misdemeanor. If you convict him of either offense and recommend mercy, and your recommendation was not followed by the court, then the penalty would be whatever penalty was fixed by the jury in your verdict."

It is well settled in this State that a failure of the trial judge to instruct the jury substantially to the effect that, should they recommend that one who is on trial for a felony be punished as for a misdemeanor the recommendation would not be binding upon the judge nor effective unless approved and acted upon by

him, is reversible error. See *Taylor* v. *State*, 14 *Ga. App.* 492 (81 S. E. 372); *Frazier* v. *State*, 15 *Ga. App.* 365 (1) (83 S. E. 273); *Winder* v. *State*, 18 *Ga. App.* 67 (5) (88 S. E. 1003). The foregoing cases are relied upon by counsel for the defendant in his contention that the charge of the court in the instant case amounts to such failure.

In the *Taylor* case, supra, the trial judge failed altogether to instruct the jury that a recommendation from them that the defendant be punished as for a misdemeanor would be effective only in the event of approval by the court, and that case is distinguishable from the instant case because here the court instructed the jury as hereinbefore set forth.

In the *Frazier* case, supra, the principle of law laid down in the *Taylor* case, to the effect that such failure constitutes reversible error, is upheld. However, in the *Frazier* case the trial court charged the jury as follows: "In the event that recommendation is approved by the court, a misdemeanor punishment would be inflicted instead of a felony punishment." In discussing this charge as compared to the *Taylor* case, supra, this court in the *Frazier* case, supra, said: "While this perhaps was not in strict verbal accord with the rule in the *Taylor* case, supra, that the judge should inform the jury that 'their recommendation would not be binding upon the trial judge, nor effective unless approved and acted upon by him,' it is nevertheless in substantial compliance with that ruling, since we must assume that a jury is composed of men of some intelligence; and to men of sufficient intelligence to qualify as jurors the plain significance of such a charge as that given in the instant case was obvious. The use of the words, 'instead of a felony punishment,' emphasized the futility of the recommendation unless it should be approved by the judge. If any fuller instructions had been desired, a written request therefor should have been made."

In the *Winder* case, supra, the rule laid down in the *Taylor* case, supra, to the effect that such failure is reversible error, was reiterated, but in that case there was added to the statement of the rule the following: "However, in the state of the present record, a new trial is not required by the instruction of the trial judge that, if the jury recommended that the defendant be punished as for a misdemeanor, he would be so punished 'provided the court approved of the recommendation'."

It follows that, while it is well settled that the failure of the trial judge to instruct the jury that such recommendation is not binding on the court unless approved and acted upon by him is reversible error, it is equally well settled that a charge in language substantially as that given in the instant case amounts to a compliance with the requirement of the rule.

■ Special ground 2 contends that the trial court erred in charging the jury on the law as to the right of the defendant to make a statement as follows: "I do not believe, gentlemen, that I charged you that in all criminal cases the defendant has the right to make in his own defense such statement as he sees fit and proper. In doing so he is not sworn, not subject to cross-examination without his own consent; if he fails to tell you the truth, he incurs no penalty by reason of such failure. You have the right to believe the defendant's statement in preference to the sworn testimony, provided you believe it to be the truth." The part of this charge alleged to be harmful error is as follows: "in doing so he is not sworn, not subject to cross-examination without his own consent; if he fails to tell you the truth, he incurs no penalty by reason of such failure." It is contended that this charge gave the jury the impression that, if the defendant had consented, he would have been subject to cross-examination by the solicitor-general, and that the defendant had refused to consent thereto. It is also contended that it was harmful and prejudicial because the same is not in substance the law of this State; that the correct statement of the law on the subject is, "the prisoner shall not be compelled to answer any question on cross-examination, should he think proper to decline to answer."

In *Harper* v. *State*, 129 *Ga.* 770, 774 (59 S. E. 792), a charge on the subject of the statement of the defendant was approved as being substantially in accordance with § 1010 Penal Code of 1895 (Code of 1933, § 38-415), as follows: "The law provides that upon the trial of a criminal case the defendant may make to the court and jury such statement as he may deem proper in his defense. He is not under oath *nor subject to cross-examination without his consent*, and you may give this statement just such weight as you may see proper." (Italics ours) The charge of the court on the subject of the defendant's statement in the instant case, like that in the *Harper* case, supra, is in substantial compliance with Code § 38-415.

806

■ Counsel for the defendant in oral argument and by brief concedes that the general grounds are without merit, because the evidence, although in conflict, amply supports the verdict.

It follows that the judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed.  MacIntyre, P. J., and Gardner, J., concur.*