### 18673. FINCHER *v.* THE STATE.

CANDLER, Justice. 1. Special ground 4 of the defendant's motion for new trial alleges that the judge erred in his charge to the jury by his failure to define the crime of robbery by force and violence, and by his omission to inform the jury that an intent to steal is a substantive element of that offense. In the circumstances of this case, there is no merit in this contention. The indictment charges this defendant and two others with the offense of robbery by force and violence; it contains the essential elements of the offense, including an allegation that the defendants took the property described therein from the person of the owner, without his consent and with an intent to steal it. The judge read the indictment to the jury and instructed them that each allegation contained therein was a material one, and that the State was required to prove all of them beyond a reasonable doubt before a conviction would be authorized. In the absence of a timely written request for a more specific definition of the offense charged and its essential elements, the instruction as given was sufficient. *Sparks* v. *State,* 209 *Ga.* 250 (71 S. E. 2d 608), and citations.

2. "To constitute robbery, it is unnecessary that the taking of the property should be directly from one's person; it is sufficient if it is taken while in his possession and immediate presence." *Crawford* v. *State,* 90

*Ga.* 701 (2) (17 S. E. 628, 35 Am. St. R. 242). In this case the jury was authorized to find from the evidence that some of the property alleged to have been stolen from Mr. Standard was actually taken from his person and some from his coat pocket while his coat was in his possession and immediate presence. In this connection, see *Osborne* v. *State,* 200 *Ga.* 763 (38 S. E. 2d 558), and the cases there cited.

3. As shown by our statement of the facts, Luther Hailey, who was jointly indicted with this defendant and Bobby Tuggle, gave an investigating officer a written statement concerning the offense with which they were jointly charged, in which he said that this defendant took a billfold containing $92 from Mr. Standard's pocket; but, as a witness for the State, he orally testified that his written statement was untrue and that he, by direction from this defendant, took it from Mr. Standard's coat pocket. On the trial, the State tendered Hailey's written statement in evidence, and it was objected to solely on the ground that Hailey had repudiated it by his oral testimony. Over this objection, it was admitted in evidence, and error is assigned on that ruling. As we view this special ground of the motion for new trial, it was not erroneous to admit the written statement over the objection made to its admission. Since the witness Hailey by his oral testimony repudiated his written state- ·ment, the repudiation would tend to impeach the witness (Code § 38-1801), and such contradiction would of itself be beneficial to this defendant; and it is well settled that error without injury affords no reason for a reviewing court to reverse a judgment. *Holcombe* v. *Jones,* 197 *Ga.* 825 (3) (30 S. E. 2d 903), and citations.

4. Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose. In this case the jury was authorized to find by reasonable deductions from the acts and conduct of this defendant and his coindictees that they corruptly agreed with each other to do the unlawful act for which they were jointly indicted; and that, while acting together, each aiding and abetting the other, they accomplished their unlawful purpose. See, in this connection, *Chappell* v. *State,* 209 *Ga.* 701 (75 S. E. 2d 417), and citations.

5. This defendant and his coindictee Tuggle did not elect to sever and they were tried together. In his instructions to the jury, the judge correctly charged Code. § 26-2502, which prescribes the punishment for robbery by force and violence. He also charged the indeterminate-sentence law of 1919 (Ga. L. 1919, p. 387; Code § 27-2502); but he did not instruct the jury that they had a right to fix a different degree of punishment for each of the defendants, and it is alleged in the amendment to the motion for new trial that he erred in failing to do so, though there was no written request for an instruction to that effect. This omission from the charge does not require a reversal of the judgment refusing a new trial. If this defendant desired a charge on punishment more specific than the one given, it should have been properly and timely requested. See, in this connection, *Welborn* v. *State,* 116 *Ga.* 522, 524 (42 S. E. 773); and *McDaniel* v. *State,* 74 *Ga. App.* 5 (38 S. E. 2d 697). Compare *Thompson* v. *State,* 160 *Ga.* 520 (5) (128

S. E. 756), where it was held that the trial judge erred in charging the jury that all of the defendants should receive equal punishment if the evidence authorized their conviction.

6. Since the evidence authorized the verdict and no error of law appears, it necessarily follows that the judge did not err, as contended, in refusing to grant this defendant a new trial.

*Judgment affirmed.  All the Justices concur.*

ARGUED SEPTEMBER 13, 1954—DECIDED OCTOBER 13, 1954.

*John L. Jernigan,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.