### 24957. PINION v. THE STATE.

DUCKWORTH, Chief Justice. This is a companion case to *Park v. State,* 224 Ga. 467 (162 SE2d 359), and arises out of the trial of an alleged co-conspirator for the murder of the same person as therein. The defendants were involved in an illegal liquor conspiracy in which it is alleged that this defendant and others conspired to kill the deceased. Reference is here made to the report of that case for a more complete statement of facts since the testimony in this case is, in substance, much the same. The review here will discuss the necessary evidence in this decision and a detailed account will not be set out. The accused was indicted, tried and convicted, and upon the recommendation of mercy he was sentenced to life imprisonment. Thereafter he filed a motion for new trial, which was later amended, and, after a hearing, overruled. The appeal is from the order and judgment denying him a new trial with some thirty grounds of error enumerated. Appellant's brief argues those grounds in approximately thirteen divisions. However, this opinion will review the case in seven parts, as follows: *Held:*

1. There being ample evidence to show conclusively a conspiracy between Pinion and others to violate the liquor laws of the state and to murder the deceased as a necessary result thereof, which was accomplished, such evidence supports the verdict and none of the general grounds of the motion for new trial is meritorious. *Code* § 38-306; *Park v. State,* 224 Ga. 467 (162 SE2d 359); *Chappell v. State,* 209 Ga. 701, 702 (75 SE2d 417); *Fincher v. State,* 211 Ga. 89 (4) (84 SE2d 76); *Handley v. State,* 115 Ga. 584 (41 SE 992); *Gore v. State,* 162 Ga. 267 (1a) (134 SE 36). Further, once a conspiracy has been shown to exist, it may be traced from its beginning

throughout its existence. *Daniels v. State,* 58 Ga. App. 599, 607 (199 SE 572).

2. The admissions of a co-conspirator during the pendency of the criminal project shall be admissible against all. *Code* § 38-306. Thus the acts, doings and sayings of the co-conspirators made before and after the killing as well as the testimony in regard to the investigation of the illegal liquor conspiracy, including the acts and doings of the murder victim relative thereto, which is original evidence under *Code* § 38-302, were properly allowed in evidence. The case of Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), which, in effect, follows a holding that a confession by one of the co-conspirators after he has been apprehended is not in any sense a furtherance of the criminal enterprise and cannot be used as evidence against the other conspirators, is not controlling and has no bearing on this case. See Fiswick v. United States, 329 U. S. 211, 217 (67 SC 224, 91 LE 196). None of the enumerations of error complaining of the allowance in evidence of testimony of the various witnesses in regard to liquor raids, illegal liquor and beer sales, the seizure of whiskey, various arrests of liquor violators, and the padlocking of the "yellow house," complained of herein, and as shown above, is meritorious.

3. Evidence which, although incidentally involving the character of the accused, is competent and material to prove the conspiracy, and the testimony in regard to the withholding of illegal liquor receipts from the co-conspirators including the subsequent slapping of a female by the accused was properly allowed in evidence over the objection made since it showed the activities of the conspirators. *Little v. State,* 150 Ga. 728 (105 SE 359); *Howell v. State,* 162 Ga. 14 (134 SE 59); *Hyde v. State,* 196 Ga. 475 (26 SE2d 744); *Calhoun v. State,* 210 Ga. 180 (78 SE2d 425). None of the enumerations of error complaining of this evidence is meritorious.

4. Hypothetical questions involving evidence or requiring a response from a juror which might amount to a prejudgment of the case are improper and should be excluded from the examination of prospective jurors. *Evans v. State,* 222 Ga. 392, 401 (150 SE2d 240). Hence, the court did not err in refusing to allow counsel to ask prospective jurors that not having heard the evidence, "Do you, at the moment believe the defendant innocent?" We find no abuse of discretion

which would authorize us to interfere with the pre-trial examination of witnesses under *Code Ann.* § 59-705.

5. During the opening statement as to what the State intended to prove, the prosecuting attorney made a remark to the jury that "Pinion was his handmaiden, his torpedo man, his strong-arm man" and that the deceased had sought to stamp out the bootlegging business of which the accused was a part. Since the prosecution in its opening statement is permitted to state what it intends to prove and subsequently presented evidence to prove same, the statements of counsel did not require a reprimand or mistrial. *Hyde v. State,* 196 Ga. 475, supra; *Thornton v. State,* 209 Ga. 51 (70 SE2d 733); *Sterling v. State,* 89 Ga. 807 (15 SE 743); *Herring v. State,* 10 Ga. App. 88 (2) (72 SE 600); *Daniels v. State,* 58 Ga. App. 599, 605 (199 SE 572). The court did not err in refusing to grant the mistrial.

6. The object of all legal investigations, including criminal trials, is the ascertainment of the truth, and since it is the exclusive right of the jury to pass on the credibility of witnesses, the court did not err in refusing to exclude the testimony of the co-conspirator, Blackwell, because he was allegedly granted and promised a life sentence and his testimony was thus obtained under duress and stress. *Code* § 38-1805; *Stone v. State,* 118 Ga. 705 (6) (45 SE 630, 98 ASR 145); *Lee v. State,* 66 Ga. App. 613, 619 (18 SE2d 778); *Williams v. State,* 222 Ga. 208 (12), 216 (149 SE2d 449).

7. Having considered every enumeration of error argued in appellant's brief, we find no grounds of error sufficient to grant the motion for new trial, as amended, and the lower court did not err in denying the motion.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 9, 1968—DECIDED JANUARY 9, 1969—
REHEARING DENIED JANUARY 23, 1969.

*John L. Respess, Jr., James R. Venable, H. G. McBrayer, Jr.,* for appellant.

*G. Wesley Channell, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton, Deputy Assistant Attorney General,* for appellee.