### 48908. McROY v. THE STATE.

EVANS, Judge.

The defendant was indicted and convicted of theft by taking. He was sentenced to serve a term of 10 years. Motion for new trial, as amended, was denied. Defendant appeals. *Held:*

1. Any person against whom an indictment is found not affecting his life may demand a trial at *the term when the indictment is found, or at the next succeeding term thereafter. Said demand shall be placed upon the minutes of the court.* If defendant shall not be tried when the demand is made or *at the next succeeding regular term thereafter,* provided at both terms juries are impaneled

and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged. Code § 27-1901; *Dickerson v. State,* 108 Ga. App. 548 (134 SE2d 51); *Dublin v. State,* 126 Ga. 580 (55 SE 487); *Newman v. State,* 121 Ga. App. 692 (175 SE2d 144). While defendant contends he made a demand for trial, the minutes do not support him in this contention. The record is controlling, and this complaint is not meritorious.

2. The trial judge charged the jury as follows: ". . . it is the duty of the grand jury to indict or present the *guilty party* so they may be brought to trial," (emphasis supplied) and defendant urges that this was an intimation on the part of the court that he was guilty. This was error. Whether it was harmless error, or error requiring a new trial, it is not necessary to decide as the case is being reversed and a new trial given on other grounds. This error is not likely to be repeated when tried again.

3. The defendant was charged with theft by taking. His sole defense was that he had a right to purchase these goods, believing them to be damaged, and believing the sellers were authorized by the owner of the goods to sell same for the owner in this defense. Code Ann. § 26-1810 provides that an affirmative defense to a prosecution is afforded if defendant "acted under an honest claim of right to the property or service involved or under a right to acquire or dispose of it as he did." Nowhere in the charge of the court is this defense covered or even mentioned. It has been held many times that where the sole defense in a criminal case is not charged, even without a request, such failure constitutes reversible error. See *Reed v. State,* 15 Ga. App. 435 (1) (83 SE 674); *Thompson v. State,* 16 Ga. App. 832 (4) (84 SE 591); *Henderson v. State,* 95 Ga. App. 830 (99 SE2d 270).

4. Defendant contends a charge of receiving stolen goods is a lesser and included charge of theft by taking. But it is an equal charge, and the punishment is the same. See Code Ann. Ch. 26-18, §§ 26-1802, 26-1806. There was no error in refusing to charge on theft by receiving stolen goods.

5. Since it was not in the realm of possibility that the jury could have found the defendant guilty of taking

property of a value less than $100, the court did not err in failing to give this charge. This ground is not meritorious.

6. The court erred in failing to instruct the jury as to the form of their verdict that they might further recommend that defendant be punished as for a misdemeanor. Theft by taking (Code Ann. §§ 26-1802, 26-1812; Ga. L. 1968, pp. 1249, 1290, 1295; 1972, pp. 841, 842) is a reducible felony; and the court erred in failing to charge that the jury might recommend that defendant be punished for a misdemeanor, although the court was not required to follow this recommendation. See Code Ann. § 26-3101 (New Criminal Code; Ga. L. 1968, pp. 1249, 1334). Compare *Ezzard v. State,* 229 Ga. 465, 467 (192 SE2d 374); *Echols v. State,* 109 Ga. 508 (1) (34 SE 1038). See *Braxley v. State,* 17 Ga. App. 196, 198 (86 SE 425); *Johnson v. State,* 100 Ga. 78 (25 SE 940); *Grizzle v. State,* 78 Ga. App. 802 (1) (52 SE2d 561).

7. The court did not err in charging the jury in regard to the guilt or innocence of persons who did not directly commit the offense. Failure to charge the substance of Code Ann. § 26-802 was helpful to the defendant, and leaves him without standing to complain of such failure. If charged, the jury could have considered other aspects on which defendant could have been convicted. The court correctly charged on conspiracy, as the evidence authorized it.

8. The court should have fully explained the bifurcated trial authorized by Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161), and that if the jury returned a verdict of not guilty the trial would end; but if a verdict of guilty was returned, the trial would proceed to the question of punishment. The omission of this explanation was erroneous, and as another trial will be held, the trial court should explain the bifurcated trial proceedings to the jury in its entirety.

9. For reasons stated above a new trial will be necessary.

*Judgment reversed. Pannell, J., concurs. Eberhardt, P. J., concurs in the judgment.*

SUBMITTED JANUARY 11, 1974 — DECIDED MARCH 14, 1974.

*William Holley, Wayne Williams,* for appellant.
*George W. Darden, District Attorney, P. Samuel Huff,* for appellee.