## 51446. HART v. THE STATE.

STOLZ, Judge.

Defendant Hart was pursued to his home by a police officer who was trying to stop him for speeding. At the defendant's home, a skirmish started between the officer and a juvenile. Defendant, brandishing a knife, cut several police officers before he was subdued and arrested. The defendant now appeals his conviction of aggravated assault and several misdemeanors.

1. During voir dire, counsel for the defendant attempted to ask a prospective juror whether he thought that one would be justified in aiding a family member who was being attacked. The trial court excluded the question on the grounds that it required the juror to prejudge the case.

The appellant contends that this was error since the question was not designed to make the juror prejudge the case, but rather to find out if he had already done so. We disagree. The trial judge has discretion to determine which questions are impermissible. His determination that the question at issue here required prejudgment of one of the main issues in defendant's case, was not an abuse of discretion requiring a reversal of the verdict. See

*Gunnin v. State,* 112 Ga. App. 720 (146 SE2d 131); *Pinion v. State,* 225 Ga. 36 (4) (165 SE2d 708).

2. Defendant further contends that his statements about "cutting everything in uniform" were inadmissible since they were made at a time when the alcoholic content of his blood was .14 percent, or .04 percent above the figure by which the law measures a person's ability to drive a motor vehicle. Defendant contends that his intoxication precluded a waiver of Miranda rights. This contention is without merit. The defendant was afforded a hearing on the admissibility of these statements pursuant to Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). Where the judge has determined, by a preponderance of the evidence, that a statement was made by one who voluntarily waived his Miranda rights, that determination as to admissibility of the incriminating statement will be upheld unless it is clearly erroneous. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); *High v. State,* 233 Ga. 153 (210 SE2d 673).

Moreover, we note that the .10 percent standard for measuring one's inability to drive an automobile raises no presumption as to admissibility of evidence in the instant case. The tests for driving an automobile and relinquishing rights are different and hence, are measured by different criteria. The fact that a person's judgment or reflexes may render him unable to control his motor vehicle on the road does not bear upon whether he can understand what his Miranda rights are and decide whether or not to waive them.

3. While Code Ann. § 27-2510 provides in most instances for concurrent sentences for conviction of multiple counts during the same term of court, we have repeatedly construed this statute as giving the trial judge authority to impose consecutive sentences where separate and distinct crimes are charged. See, e.g., *Heard v. State,* 126 Ga. App. 62 (5) (189 SE2d 895); *Smith v. Ault,* 230 Ga. 433 (3) (197 SE2d 348).

4. The evidence at trial showed that the defendant jabbed at one of the officers with a knife and kicked him several times. The jury was authorized to find that this was an assault with intent to murder.

5. The grounds for the defendant's motion for a new

trial are the same as his enumerated errors. Accordingly, it was not error to overrule his motion for a new trial.

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Evans, J., dissents.*

Argued October 30, 1975 — Decided January 22, 1976 — Rehearing denied February 17, 1976 —

*Leonard Cohen,* for appellant.

*William H. Ison, District Attorney, Douglas N. Peters, Assistant District Attorney,* for appellee.

Evans, Judge, dissenting.

The trial judge erred in unduly restricting counsel for defendant in his examination of the jurors on the voir dire examination. One question was as to whether the juror thought that one would be justified in aiding a family member who was attacked. The trial judge excluded the question on the ground that *it required the juror to prejudge the case.*

In *Harris v. State,* 120 Ga. App. 359 (2) (170 SE2d 743), it was held proper to ask the juror on voir dire "whether he believed 'that a person had the right for peaceful enjoyment of his property without the intervention from the outside of other persons'." Such question is so similar to the question in the case at bar as to be on "all-fours" with it.

The majority opinion cites *Pinion v. State,* 225 Ga. 36 (4) (165 SE2d 708), which in turn cites *Evans v. State,* 222 Ga. 392, 401 (150 SE2d 240), but in each of these cases the juror was asked if he "at the moment believe[d] the defendant innocent?" Of course such questions were improper, but they are in no way related to the question asked in the case at bar. The majority also cites *Gunnin v. State,* 112 Ga. App. 720 (2) (146 SE2d 131), but the questions that were asked are not set forth in the decision, so we do not know what they were. It is not shown that they were similar or kindred to the question in the case at bar.

Code Ann. § 59-705 allows counsel on the voir dire

examination to ask ". . .any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit. . ."

This language is certainly broad enough to permit counsel to ask the juror as to his "inclination, leaning or bias" as to the subject-matter of this suit, which in this case involved the defense of a family member.

Code § 26-902 (a) gives to a person the right not only to defend himself, but the right to defend a third person. A fortiori if that "third person" be a member of his own family.

For the foregoing reason I dissent from the opinion and judgment of affirmance as I would vote to reverse and grant a new trial.