## 67058. CREAMER v. THE STATE.

BIRDSONG, Judge.

Ronnie Creamer was convicted of robbery by force of the victim's purse. The evidence shows the victim immediately called the police and gave a description of the robber. Within a few minutes, Ronnie Creamer was detained about three blocks away, on the basis of the physical description. The victim was immediately taken to Creamer and identified to the police that Creamer looked like the robber and wore similar clothes. On Creamer's person were found a hat similar to the the one worn by the robber, and items belonging to the victim including keys, credit cards, $40 and an envelope printed with the name of the victim's employer. In defense, appellant stated that he had been elsewhere when the robbery occurred, and had found the victim's purse by the railroad tracks; he picked up the credit cards, keys and money, intending to return them to the victim, but left the purse and its other contents on the ground. He enumerates five errors below. *Held:*

1. No reversible error is presented by the trial court's allowing the district attorney to question a rabbi on voir dire, "since you deal with counseling those that are in trouble, you would feel more inclined to help someone that was in trouble as a result of your job." This question was allowable to reveal "any fact or circumstance indicating . . . inclination, leaning, or bias which the juror might have

respecting the subject matter of the action or the counsel or parties thereto, and the religious, social, and fraternal connections of the juror." OCGA § 15-12-133 (Code Ann. § 59-705). We see no prejudice to the defendant if, instead of merely confirming that the prospective juror was a rabbi, the district attorney queries whether the rabbi's profession or religious orientation would incline, lean, or bias him towards a certain party. This is not the same as a juror being asked if he as an individual will be more inclined to believe a police officer, for the latter question infringes more on the jury's right to determine individual credibility, and not on the juror's leaning, bias or inclination because of his own job or associations. See *Hart v. State,* 137 Ga. App. 644 (224 SE2d 755). The question was not broad, as in *Holloway v. State,* 137 Ga. App. 124 (222 SE2d 898), but was specifically directed to uncover the juror's own inclinations arising from his job. The trial court did not abuse discretion in permitting the question (see *Hart,* supra); and moreover no harm or advantage to the state in the selection process has been shown. *Geiger v. State,* 129 Ga. App. 488, 495 (5) (199 SE2d 861).

2. The evidence in the case was sufficient to permit a reasonable trier of fact to rationally find appellant's guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

3. The trial court's charge on identification was correct. The charge given on alibi was also correct. The alibi charge requested by appellant, that appellant need not prove his alibi beyond a reasonable doubt but only to the satisfaction of the jury, is not a correct principle of law, because it tends to place a burden upon the appellant to prove his alibi rather than to create a doubt.

4. On cross-examination, the appellant stated that he worked for his father, whereupon he was asked, "Is he [the father] going to come in and testify for you?" Objection was made and overruled, and appellant was asked: "Do you know if your father is available to testify?" Appellant answered, "He and my mother are separated. [He is not still living here.]"

Appellant contends this was an improper comment upon the criminal defendant's failure to produce evidence in violation of OCGA § 24-9-20 (Code Ann. § 38-415), and that it diminished the state's burden to prove its case beyond a reasonable doubt.

These questions were not error. *Smith v. State,* 245 Ga. 205, 207 (264 SE2d 15); *Wood v. State,* 159 Ga. App. 221, 223 (283 SE2d 79). Even if there had been error, however, it was harmless error beyond a reasonable doubt and in all probability did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869); *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133).

There was no suggestion in the evidence that if the father had testified he would have produced an alibi or any other exculpating evidence. The evidence makes it clear that the father could not have produced an alibi. The only connection of the father to the case was that the appellant's mother testified she knew appellant had as much as $100 in cash because she and the father had cashed appellant's paycheck and given him the money, presumably on Friday or before Sunday, when the robbery occurred. If the father had so testified, it would have been cumulative. This particular remote implication (that appellant may have already had money) would in high probability not have raised a reasonable doubt that appellant stole the victim's money and thus changed the verdict, under the other evidence in this case. The victim had two $20 bills stolen from her; two $20 bills and some small change, along with other property of the victim, were found on appellant three blocks away within a few minutes after the robbery.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 8, 1983.

*William T. Hankins III,* for appellant.

*Robert E. Wilson, District Attorney, R. Stephen Roberts, James M. McDaniel, Michael Sheffield, Assistant District Attorneys,* for appellee.